FLORENCE M. STONITSCH, Respondent, v. WILLIAM C. BIRMINGHAM, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ.

VIRGINIA SUTERA, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.— Order setting aside special verdict, and judgment dismissing complaint, unanimously affirmed, with costs. No opinion. Present — Lazansky P. J., Rich, Kapper, Hagarty and Carswell, JJ.

· MINNIE WARSHOR, Respondent, v. LEO J. WARSHOR, Appellant.— Order denying defendant's motion to set aside decree and to permit him to serve an amended answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ., concur.

## FOURTH DEPARTMENT, JULY, 1930.

HORACE PRICE, Respondent, v. THOMAS D. RYAN, Appellant, and GUY B. DICKISON, Respondent.

ESTHER H. PRICE, Respondent, v. THOMAS D. RYAN, Appellant, and GUY B. DICKISON, Respondent.*

CROUCH, J. (dissenting). Defendant Dickison was a general contractor engaged in paving a street in Syracuse. Defendant Ryan was engaged in the trucking business in Syracuse. Dickison over many years had been accustomed to rent trucks with drivers from Ryan. The hiring was by the hour, and the price varied with the size of the truck. The practice was for Dickison to call up Ryan and order a particular type of truck needed for any particular piece of work. The hiring of any particular truck and driver could be terminated by Dickison at any moment. The drivers of the trucks when hired and on the job were told by Dickison what to do. On the evening of May 6, 1928, Dickison ordered a truck for work on a street for the following day. The truck and driver reported to Dickison the next morning. The driver was told to back up his truck to a pile of curbing and get ready to load it. After a part of the curbing had been loaded, Dickison's foreman discovered that the driver of the truck was drunk. There is evidence that some attempt was made to get another driver from Ryan, and that another one could not be had. Thereafter the loading of the truck was completed by Dickison's employees. The foreman then ordered the driver of the truck to drive it to Dickison's yard in another part of the city. Dickison himself had been informed of the driver's condition. Before the truck started, Dickison came up to where the truck was standing, and said to the driver, " Take this load to the yard and get to Hell off the job." The truck was driven to the yard, unloaded, and while returning, either to Dickison's job or to Ryan's place of business, the plaintiff, Esther H. Price, was negligently and wantonly run down