FREDERICK W. FROST, Respondent, *v.* HALLIE TWOMBLY BIDWELL RILEY FROST, Appellant.

First Department, December 13, 1940.

*Joseph Kleiner* of counsel [*Maurice M. Singer*, attorney], for the appellant.

*John F. Finn, Jr.*, of counsel [*Hotchner & Finn*, attorneys], for the respondent.

UNTERMYER, J.   The action is for a judgment declaring void the marriage of the parties contracted in the State of Nevada on July 15, 1931, and declaring that a separation agreement between the parties dated August 22, 1939, predicated on the existence of their marriage, is likewise void.

Previous to the marriage of the parties the defendant had been married in Connecticut to one William D. Riley, from whom she claims to have been divorced by a decree of the Republic of Mexico, dated July 14, 1930.   The plaintiff, contending that neither Riley nor the defendant was at any time a resident of Mexico nor within its territorial jurisdiction and that the Mexico decree is void, asserts that the defendant was the wife of Riley when she assumed to marry the plaintiff in 1931.

In October, 1939, the defendant instituted an action for divorce against the plaintiff in the State of Nevada.   In the complaint she alleged that she was then and for more than six weeks had been a *bona fide* resident of that State.   She further alleged " that plaintiff and defendant intermarried on or about the 15th day of July, 1931," and prayed " that the bonds of matrimony heretofore and now existing between plaintiff and defendant be dissolved."   The complaint alleged, also, that all matters pertaining to the property rights and the support of the defendant had been equitably adjusted by the agreement of August 22, 1939, and prayed that it be adopted and approved by the court.

The plaintiff appeared in the Nevada action by an attorney of the State of Nevada, who acted for him under a written power of attorney executed and acknowledged by the plaintiff and interposed an answer to the complaint.   That action resulted in a decree of divorce in favor of the defendant (the plaintiff in that action) which found " that all the allegations of plaintiff's complaint are true " and purported to dissolve the marriage of the parties. The decree also ratified and approved the agreement of August 22, 1939, whereby the husband had undertaken to provide for the support of the wife.   The defendant now relies on that decree of divorce as an adjudication of the validity of the marriage of the parties contracted in 1931.   The plaintiff, assailing the decree, asserts that throughout those proceedings neither of the parties was a resident of the State of Nevada.   He alleges that the attorney in whose favor he executed the power of attorney to appear for him in the Nevada action was selected by an attorney representing the defendant.   He, therefore, contends that the decree of divorce was procured by an imposition practiced on the Nevada court, and is not entitled to recognition in this State.   It should be observed, however, that the plaintiff does not charge that the written

power to the Nevada attorney was procured by any fraud practiced upon him.

We think the Nevada decree cannot be subjected to collateral attack in this State and that it constitutes a conclusive adjudication of a then existing marriage. The Nevada court had jurisdiction of the subject-matter in the sense that it had power to grant or withhold a decree of divorce. (*Kinnier* v. *Kinnier*, 45 N. Y. 535, 539.) It had jurisdiction over the person of the plaintiff in that action (the defendant here) in consequence of the complaint which she had filed. It had jurisdiction over the defendant in that action (the plaintiff here) by his voluntary submission to its jurisdiction by an attorney authorized to appear for him. (*Tatum* v. *Maloney*, 226 App. Div. 62.) One of the issues which it was necessary to determine in that action was the wife's residence within the State, and that issue the Nevada court decided in her favor. The question of her residence could have been litigated by the husband had he desired to litigate it then. That he did not do. Not having done so, the determination is as conclusive upon him as the determination of any other issue of fact. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Pray* v. *Hegeman*, 98 id. 351.) He may not now assert that the issue of residence was not correctly determined on account of an imposition practiced by the defendant on the Nevada court or on account of collusion of the parties. (*Glaser* v. *Glaser*, 276 N. Y. 296; *Tiedemann* v. *Tiedemann*, 225 id. 709.) The fraud of which he complains was fraud perpetrated on the Nevada court in respect to the very issue which was submitted for determination. Against fraud of that character courts of other States do not accord relief, even if it be assumed that relief is available at all. (*Arcuri* v. *Arcuri*, 265 N. Y. 358; *Kinnier* v. *Kinnier*, *supra; Crouse* v. *McVickar*, 207 N. Y. 213. See, also, *Jacobowitz* v. *Herson*, 268 id. 130.)

If, as we hold, the Nevada decree may not be collaterally assailed in this action, then it necessarily adjudicates that the defendant was married to the plaintiff (*Fischer* v. *Fischer*, 254 N. Y. 463; *Townsend* v. *Van Buskirk*, 22 App. Div. 441; *Durham* v. *Durham*, 99 id. 450), for the existence of a valid marriage was the foundation of the right of the wife to maintain an action for divorce. The Nevada action could have been defeated by proof that the marriage of the parties was invalid on account of the invalidity of the Mexican decree. Having failed to make proof of that fact in the Nevada action, the plaintiff is precluded from litigating the issue now. It would be strange, indeed, if a party against whom a divorce had been secured were permitted to assert in subsequent litigation that there was no marriage which could have been dissolved by the decree.

Our conclusion that the plaintiff is estopped by the Nevada decree from asserting the invalidity of the marriage would no doubt likewise preclude him from assailing the separation agreement, since the fraud on which he relies in this respect appears only to consist of the failure of the defendant or her attorneys to disclose to him that the parties were not married. However, our decision can also proceed upon the principle of *res adjudicata* in that the Nevada court in its decree approved the separation agreement in accordance with the allegations of the complaint in that action seeking such relief. (Cf. *Ansorge* v. *Armour*, 267 N. Y. 492.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.