Irving GOSTIN, Plaintiff,

v.

Jules NELSON and Josef Hoffman, d/b/a Merit Associates, and Individually, Defendants.

Civ. A. No. 2123.

United States District Court
D. Delaware.

Dec. 18, 1962.

Irving Gostin, plaintiff, pro se.
Jules Nelson, defendant, pro se.[1]

STEEL, District Judge.

Plaintiff, Gostin, sued defendants Nelson and Hoffman, doing business as Merit Associates, and individually, for breach of contract. Plaintiff has moved for an interlocutory summary judgment adjudicating defendants' liability, leaving open for later determination the amount thereof. The motion is based upon the verified complaint, plaintiff's affidavit, and a certified copy of portions of the record in Gostin v. Nelson et al., in the Supreme Court of New York, Bronx County. Nelson opposes the motion by his verified answer and an affidavit.

Plaintiff is a citizen of New York, and Nelson is a citizen of Delaware. The complaint alleges that Hoffman is a citizen of Florida; the answer alleges that he is deceased. Neither Hoffman nor Merit Associates, as such, has been served with process. Neither are indispensable parties. The action will be considered as if Nelson were the sole defendant. The amount in controversy exceeds, exclusive of interest and costs, the sum of $10,000.

Jurisdiction exists under 28 U.S.C. § 1332(a) (1).

The verified complaint alleges: Prior to December 8, 1955 plaintiff and Nelson each owned 50% of the stock of Supermarket Consultants, Inc., a New York

1. Since the motion for summary judgment which is the subject of this opinion was argued, James F. Kruzinski, Wilmington, Delaware, has entered an appearance on behalf of Jules Nelson.

corporation. On December 8, 1955 Nelson, in a letter to plaintiff, acknowledged that he was holding as trustee for the plaintiff one-half of his (Nelson's) 50% interest in a partnership, Merit Associates, in which Hoffman held the other 50% interest, and agreed that a Pennsylvania corporation would be formed to take over the assets of the partnership, and that Supermarket Consultants, Inc., would receive one-half of the issued stock of the Pennsylvania corporation; that is, the shares issuable to plaintiff and Nelson. Hoffman also so agreed although his name does not appear upon the letter of December 8, 1955. Subsequently, Merit Associates, Inc., was organized under the laws of Pennsylvania, acquired the partnership assets, and Nelson and Hoffman each received 50% of its stock.

The complaint charges that the defendants breached their contract in two respects: first, by refusing, willfully and without cause, to assign Nelson's stock interest in the Pennsylvania corporation to Supermarket Consultants, Inc.; and second, by assigning to a corporation jointly owned or controlled by defendants, in excess of $100,000 due to the Pennsylvania corporation from Northern Industrial Chemical Company, a Massachusetts corporation, under a contract which it had made with the partnership.[2]

Lastly, the complaint alleges that in litigation between the same parties in the Supreme Court of New York a judgment and findings of fact and conclusions of law were entered which conclusively establish most of the allegations of the complaint.[3]

The complaint prays for (a) an accounting of profits received by Nelson from the partnership from December 8, 1955 until the date of its winding up; (b) an accounting by Nelson of all monies obtained by him by reason of his stock interest in the Pennsylvania corporation; (c) an adjudication that Nelson holds in trust for the benefit of Supermarket Consultants, Inc., one-half of the monies which the accounting discloses to be owed by him; (d) payment of damages by Nelson in the amount of $100,000, or such amount as to the Court seems just, to Supermarket Consultants, Inc., to compensate it for the conversion by Nelson of the stock of the Pennsylvania corporation and of funds from Northern Industrial Chemical Company, Inc.; and (e) such other and further relief as appears to be proper.

Preliminarily, consideration must be given to the theory of the complaint. The relief prayed for is intended to inure directly to Supermarket Consultants, Inc. That company is referred to on p. 2 of plaintiff's affidavit of October 20, 1961 as the "third party beneficiary" of the contract between Nelson and the plaintiff. If the relief sought should be granted, plaintiff would benefit only indirectly by reason of his stock interest in Supermarket Consultants, Inc. In short, the relief prayed for may be appropriately granted only in a stockholders derivative action.

■■ There are at least two reasons why the action cannot be so considered. In the first place, the complaint fails to

2. It is not too clear from the complaint whether it charges that the contract between Northern Industrial Chemical Company and the partnership was assigned to the Pennsylvania corporation and that the monies were converted by defendants thereafter, or whether it charges that the contract was not assigned to the Pennsylvania corporation and that partnership monies were converted. The former construction is adopted as the more reasonable. Paragraph Fifth of the complaint alleges that the Pennsylvania corporation took over the assets of the partnership. By its comprehensiveness, the statement

includes the contract between the Chemical Company and the partnership. Plaintiff's affidavit alleges that the defendants and the Pennsylvania corporation have converted over $50,000 from Northern Industrial Chemical Company. While this statement is far from lucid, other portions of the affidavit disclose that plaintiff meant that the defendants converted from the Pennsylvania corporation monies due to it from the Chemical Company.

3. Plaintiff's affidavit discloses that litigation referred to was that of Gostin v. Nelson et al., in the Supreme Court of New York, Bronx County.

contain the allegations required by F.R. Civ.P. 23(b) for the maintenance of such an action. Secondly, Supermarket Consultants, Inc., the direct beneficiary of the relief sought, has not been named as a defendant. In a stockholders derivative action, a joinder of the corporation for whose benefit the suit is brought is essential. 13 Fletcher's Corporations § 5997 (Rev. Ed. 1961).

█ Despite these deficiencies which foreclose derivative relief, no reason appears why the action cannot be viewed as one in which plaintiff seeks a money judgment in his own favor. After all, the complaint alleges that defendants made a contract with plaintiff which they breached. The fact that Supermarket Consultants, Inc., was to be the immediate beneficiary of performance under the contract, may have given it the right to sue directly or have provided plaintiff with a remedy on its behalf. The possibility of these remedies, however, is not inconsistent with the existence of a remedy running to plaintiff individually when the contract was made with him and defendants' duty to him was violated. 13 Fletcher's Corporations §§ 5916, 5921 (Rev. Ed. 1961). The fact that derivative relief is prayed for is no bar to the granting of personal relief, if under the facts and the law plaintiff is entitled thereto. F.R.C.P. 54(c).

So that the question must be faced whether the record discloses any genuine issue as to a material fact, and if not, whether plaintiff is entitled, as a matter of law, to a judgment that defendant is liable to him. F.R.C.P. 56(c).

The verified answer filed by Nelson alleges in substance the following defenses:

1. The agreement sued upon is without consideration. The answer alleges that Nelson's assignment to the plaintiff of his partnership interest, his declaration of trust in favor of plaintiff with respect to that interest, his agreement to form a Pennsylvania corporation to take over the assets of the partnership and to issue one-half of the stock of the Pennsylvania corporation to Supermarket Consultants, Inc., were all based upon plaintiff's promise to transfer to him 50% of certain options to acquire the outstanding stock of Supermarket Toys, Inc., a New York corporation, and the plaintiff never carried out his part of the agreement.

2. The agreement sued upon cannot be enforced because Hoffman never agreed to it.

3. The defendants have been prevented from performing the agreement because no stock of the Pennsylvania corporation was issued to them, and counsel for the corporation has refused to permit such shares to be issued for the asserted reason that the corporation never received any consideration to support their issuance.

In addition to these specific defenses the answer denies generally that the contract between plaintiff and defendants was breached;[4] that Nelson and plaintiff owned 50% of the stock of Supermarket Consultants, Inc.,[5] that defendants assigned the proceeds of the Northern Industrial Chemical Company to a corporation owned or controlled by either of them,[6] and that the findings of fact and conclusions of law of the Supreme Court of New York are conclusive with respect to the allegations of the answer alleging failure of consideration.

One further defense appears from a letter dated August 8, 1958 from Morris Stern, counsel and secretary of the Pennsylvania corporation, to Nelson, which is

4. The general denial of breach is not particularized.

5. The answer denies knowledge or information sufficient to form a belief as to the truth of the allegation of the complaint that plaintiff and Nelson are each 50% stockholders of Supermarket Consultants, Inc. Under F.R.C.P. 8(b) this

is the equivalent of a denial of the allegation.

6. The answer alleges that the proceeds were paid to defendants as salaries for services and labor performed, less legal fees deducted by counsel for the partnership.

attached to Nelson's affidavit of November 15, 1961. The letter states in effect that Nelson and Hoffman agreed with a creditor of the partnership that no stock in the Pennsylvania corporation would be issued until such time as the indebtedness of the creditor had been paid, or in the alternative, if stock of the Pennsylvania corporation should be issued to Nelson, it would be immediately assigned by him to Hoffman. The contents of the letter were incorporated by reference in Nelson's affidavit.[7]

This is the second time that the rights of the parties under the contract of December 8, 1955 have been litigated. On November 27, 1957 plaintiff brought an action in the Supreme Court of New York, Bronx County, against Nelson and Hoffman doing business as Merit Associates. As in the instant case, Hoffman was not served and only Nelson defended.

The allegations of the complaint in New York, with inconsequential variations, were identical to those in the pending complaint. The New York complaint prayed for a judgment (1) directing defendants to specifically perform the agreement of December 8, 1956, (2) setting aside the assignment "of Nelson's interest in the Northern Industrial Chemical Company" contract to defendants' own controlled corporation, (3) directing Nelson to assign to Supermarket Consultants, Inc., his 25% interest of Merit Associates, the partnership, and the 25% interest therein which he held in trust for plaintiff, and (4) granting injunctive and general relief. Nelson's answer denied generally the allegations of the complaint. On April 14, 1958 the case was tried without a jury before The Honorable Henry Clay Greenberg, a Justice of the Supreme Court of New York.

Both plaintiff and Nelson were represented by counsel.

On June 10, 1958 Judge Greenberg filed his oral opinion, findings of fact, conclusions of law, and judgment. In his oral opinion Judge Greenberg said:

"It is not disputed that the then attorney for the defendant Jules Nelson sent a letter to the plaintiff dated December 8, 1955 which the Court construes as an agreement between the parties whereby the defendant Nelson agreed to hold as a trustee for plaintiff 25% of the total interest in Merit Associates. It is also clear from the writing of December 8th that a Pennsylvania corporation was to be formed to which the assets of Merit Associates were to be transferred and thereupon 50% of the total issued stock of the Pennsylvania corporation was to be issued to Super Markets Consultants, Inc., a corporation in which the plaintiff and the defendants were jointly interested.

"The defendant Nelson did not comply with the terms of the understanding although a Pennsylvania corporation was formed and plaintiff therefore has instituted this action for specific performance and other related relief.

"While the other defendant Josef Hoffman, who was not served in the action, denied that he knew of the arrangement between plaintiff and the defendant Nelson, the Court is constrained to reject his testimony as unworthy of belief. Plaintiff had testified that he had discussed the situation with Hoffman and Hoffman was aware of what Nelson had agreed to do and consented thereto. This testimony on the part of the

---

7. At the argument on the motion for summary judgment the Court stated that the letter, being hearsay, did not satisfy the evidentiary requirement of F.R.C.P. 56(e) and that therefore it would be disregarded. Transcript of argument, p. 22. At the time the fact was overlooked that the statements in the letter had been incorporated in the affidavit by reference. To the extent that the letter reflects a recital of facts of which Nelson had first hand knowledge, the letter must be, and has been, considered.

plaintiff is accepted by the Court. Therefore, the defendant Nelson was empowered to make the agreement which is now challenged by him. Furthermore, the defendant Hoffman conceded on the witness stand that he and Nelson through Merit Associates corporation took over the assets of the partnership Merit Associates.

"The Court finds that there has not been any compliance with the agreement of December 8, 1955. While there was some testimony at the trial regarding plaintiff's breach of fiduciary relationship insofar as defendant Nelson is concerned, such a breach was not pleaded as a defense to plaintiff's cause of action, and such evidence as was adduced carried little, if any, weight. Accordingly, the Court decrees specific performance of the agreement of December 8, 1955 as requested in Item 1 in the demand for judgment."

The findings of fact and conclusions of law read:

## "FINDINGS OF FACT

"1. That prior to December 8, 1955 and at all times referred to herein, the plaintiff and defendant Nelson were each fifty percent (50%) stockholders of a corporation duly organized under the laws of the State of New York and known as Supermarket Consultants, Inc.

"2. That on December 8, 1955 Nelson acknowledged that Nelson was holding as trustee for the plaintiff one-half (½) of Nelson's fifty percent (50%) interest in a partnership known as Merit Associates in which Nelson and defendant Josef Hoffman were partners.

"3. That the defendants both agreed with plaintiff that a corporation would be formed to take over the assets of Merit Associates and that Supermarket Consultants, Inc. would receive one-half (½) of the issued stock of the new corporation,

213 F.Supp.—11½

i. e., the shares of plaintiff and Nelson.

"4. That a Pennsylvania corporation known as Merit Associates was formed by defendants in November 1956.

"5. That the assets of Merit Associates, the defendant partnership, were assigned without consideration to the Pennsylvania corporation known as Merit Associates.

"6. That defendant Nelson is the owner of fifty percent (50%) of the stock of the aforesaid Pennsylvania corporation and Josef Hoffman is the owner of the other fifty percent (50%), and the corporation is controlled by them, although the stock has not actually been issued.

"7. That defendant Nelson willfully and without cause has failed and refused to assign to Supermarket Consultants, Inc., the fifty percent (50%) stock interest in Merit Associates.

"8. That Josef Hoffman, Nelson's partner, was aware of the letter dated December 8, 1955 and of what Nelson had agreed to do, and consented thereto.

"9. That the letter dated December 8, 1955 constituted an agreement by Nelson and Hoffman, d/b/a Merit Associates, to set up a corporation in which Supermarket Consultants, Inc. would have one-half (½) of the voting power, one-half (½) of the directors, and a voice in the choice of officers.

"10. That the violations referred to above are continuing and defendants intend to continue unless stopped by this Court.

"11. That defendants have exercised complete control and intend to continue to exercise complete control of the corporate assets without regard to plaintiff's and Supermarket Consultants, Inc.'s equity under the agreement.

"CONCLUSIONS OF LAW

"1. That the letter dated December 8, 1955 constituted a binding agreement by defendant Nelson.

"2. That the aforesaid agreement was binding on the partnership of Merit Associates.

"3. That there has not been any compliance with the said agreement.

"4. That plaintiff has duly performed all requirements on his part to be performed.'

"5. That there is no adequate remedy at law.

"6. That the plaintiff is entitled to a judgment of specific performance of the aforesaid agreement against Jules Nelson individually and against the partnership of Jules Nelson and Josef Hoffman, d/b/a Merit Associates."

The judgment provided that it is

"Adjudged and decreed that the letter of Jules Nelson to Irving Gostin dated December 8, 1955 constituted a valid agreement by which Jules Nelson individually and Jules Nelson and Josef Hoffman d/b/a Merit Associates agreed to form a Pennsylvania corporation known as Merit Associates and to issue to Supermarket Consultants, Inc., a domestic corporation, fifty percent (50%) of the stock of the Pennsylvania corporation at time of organization and start of functioning of the Pennsylvania corporation, and it is further

"Adjudged and decreed that defendant Jules Nelson individually shall assign and deliver the assignment of 50% stock interest in the Pennsylvania corporation Merit Associates now in his name to Supermarket Consultants, Inc., a domestic corporation, at the office of plaintiff's attorney within five days of the entry of judgment and service of a copy on the attorneys for defendants, * * *".

The judgment rendered by the New York Supreme Court, not having been appealed, was final. It has not been complied with by Nelson.

■ Under the full faith and credit provisions of 28 U.S.C. § 1738, this Court must accord to the New York judgment the same significance that it would have in the State of New York.

■ It is the law of New York that points directly in issue and judicially passed upon in a judgment rendered on the merits by a court of competent jurisdiction, cannot again be drawn into question in any future action between the same parties, whether the cause of action is identical or not, for the reason that the prior determination is conclusive evidence of the facts adjudged. Hollenbeck v. Aetna Cas. & Surety Co., 215 App.Div. 609, 214 N.Y.S. 402 (3d Dept. 1926), aff'd per curiam 243 N.Y. 540, 154 N.E. 596 (1926); Eidelberg v. Zellermayer, 5 A.D.2d 658, 174 N.Y.S.2d 300, 305 (1st Dept. 1958) aff'd mem. 6 N.Y.2d 815, 188 N.Y.S.2d 204, 159 N.E. 2d 691 (1959). This rule has been applied in favor of a plaintiff against a defendant who sought to have determined in a second suit an issue which had been adjudicated against it in an earlier one. Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N.Y. 304, 165 N.E. 456 (1929). When a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, and a later attempt is made to litigate the same cause of action, the parties are bound, "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1876); Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp., supra, 165 N.E. at 457; see also Statter v. Statter, 2 N.Y.2d 668, 163 N.Y.S.2d 13, 16, 143 N.E.2d 10 (1957).

■ These principles are controlling here. The causes of action asserted in New York and in this Court are the same. The fact that the relief sought is

different does not affect their identity. 30A Am.Jur. Judgments § 367; Williamsburgh Sav. Bk. ·v. Town of Solon, 136 N.Y. 465, 32 N.E. 1058 (1893); Statter v. Statter, supra; 2 Freeman, Judgments 643 (5th Ed. 1925). Every fact necessary in the instant action to establish liability on the part of Nelson, was established in the New York action. Whether the defenses asserted by Nelson in the present suit were urged as defenses in New York is not disclosed by the record before this Court. If those defenses were not asserted, they might have been. The New York judgment constitutes a bar to litigating them here.

The following facts were determined in the New York litigation and were the basis of the judgment:

1. Prior to December 8, 1955 plaintiff and Nelson were each owners of 50% of the stock of Supermarket Consultants, Inc., a New York corporation.

2. On December 8, 1955 Nelson and Hoffman each held a 50% interest in a partnership known as Merit Associates. One-half of Nelson's 50% interest was held by him in trust for plaintiff.

3. On December 8, 1955 Nelson agreed in writing with plaintiff (a) to organize a Pennsylvania corporation, (b) to assign the assets of Merit Associates, the partnership, to the Pennsylvania corporation, and (c) to have the Pennsylvania corporation issue 50% of its stock to Supermarket Consultants, Inc. Hoffman was aware of this agreement and consented to it. The agreement was valid and binding upon Nelson, Hoffman and the partnership of Merit Associates.

4. Pursuant to the agreement of December 8, 1955, Merit Associates, Inc., the Pennsylvania corporation, was formed and the assets of the partnership were assigned to it. Nelson, willfully and without cause, failed and refused to assign to Supermarket Consultants, Inc., a 50% stock interest in Merit Associates, the Pennsylvania corporation. This constituted a breach of contract by Nelson.

For all future purposes of the present action the foregoing facts must be deemed to have been conclusively established in the New York litigation.

It follows that plaintiff is entitled to recover from Nelson all damages which plaintiff sustained as a result of the breach of the contract by Nelson. This conclusion, it is believed, is not inconsistent with the summary judgment principle of Frederick Hart & Co. v. Recordgraph Corp., 169 F.2d 580 (3d Cir. 1948). To the extent that issues of fact appear in the record, they are not material. There is no dispute about the existence of the New York proceedings and the adjudications therein. Their conclusory and binding effect in the present action makes irrelevant, as a matter of law, such other fact issues created by the verified answer and Nelson's affidavit.

In both the New York and in the instant action plaintiff has alleged that the defendant assigned to a controlled corporation monies paid by Northern Industrial Chemical Company to the Pennsylvania corporation.[8] Despite this charge, the New York Court did not set aside the alleged assignment, as plaintiff prayed. The transaction is not mentioned either in the New York opinion, findings of fact, conclusions of law or judgment. The New York Court's findings that the assets of the partnership were assigned to the Pennsylvania corporation embraced, by its comprehensiveness, the Chemical Company contract, and is binding upon this Court. If there was such a conversion by defendants of monies due to the Pennsylvania corporation—and no view is expressed with respect to this controverted fact—it was a tort perpetrated against the Pennsylvania corporation. Relief in its favor could only be obtained in a stockholders derivative action to which it was a party.

This is not to say that the value which the Chemical Company contract had to the Pennsylvania corporation may not be taken into account in determining the damages which plaintiff sustained by rea-

---

8. See footnote 2.

son of the failure of Supermarket Consultants, Inc., to receive 50% of the stock of the Pennsylvania corporation as Nelson had agreed it should. No definitive finding is made with respect to this at the present time. The relevance to the damage issue of the value of the Chemical Company contract in the hands of the Pennsylvania corporation is simply mentioned as a possibility, and the question will be resolved if it should later arise.

The determination of the pending motion has not been aided by the fact that neither of the parties had counsel prior to or at the time when the motion was argued. Since then, Nelson has retained an attorney who has appeared for him. It is to be hoped that plaintiff will do so before the damage issue is tried.

An interlocutory summary judgment will be entered in accordance with this opinion.