394 F.2d 127
 Michael P. GRACE, II, suing Individually as a Beneficiary under the Last Will and Testament of William R. Grace, Deceased, as a Successor Co-Trustee under a Testamentary Trust created by Clause Sixth of the said Will and as an Executor of the Estate of Joseph P. Grace, Deceased, and on behalf of the Beneficiaries of said Trust and Estate, Plaintiff-Appellant,
v.
Joseph P. GRACE, Jr., Harold J. Roig, Allen S. Rupley, Eben W. Pyne, Joseph G. Blum and Irving M. Luria, Defendants-Appellees.
 No. 377.
 Docket 31975.
 United States Court of Appeals Second Circuit.
 Argued April 2, 1968.
 Decided May 6, 1968.
 
 William S. Downard, Dallas, Tex. (Gustave Simons, Jonathan W. Lubell, Jonathan Weiss, Stephen L. Fine, Marvin Moskowitz, New York City, on the brief), for appellant.
 Raymond L. Falls, Jr., New York City (Cahill, Gordon, Sonnett, Reindl & Ohl, Lawrence J. McKay, John R. Vaughan, Loeb, Churchill & Lawther, New York City, of counsel), for appellees Joseph P. Grace, Jr., Harold J. Roig, Allen S. Rupley, and Eben W. Pyne.
 Joseph G. Blum, New York City (Blum, Haimoff, Gersen & Szabad, New York City, of counsel), for appellees Joseph G. Blum and Irving M. Luria.
 Before MOORE, WOODBURY* and SMITH, Circuit Judges.
 MOORE, Circuit Judge:
 
 
 1
 This case is a chapter in an intra-family dispute that has been the subject of much state court litigation. The present controversy stems from the will of William R. Grace, deceased, which set up a trust fund for certain beneficiaries, including Michael P. Grace, II, plaintiff-appellant herein. The sole capital asset of this trust was 8,566 shares (approximately 20%) of the 6% preferred stock of W. R. Grace & Co. Plaintiff was not only a beneficiary of this trust, he was also a trustee and an executor of the estate, and he brings this suit to recover damages from the other trustees in all his capacities. Prior to 1952, voting control of the Company was vested in the preferred stock. At a stockholder's meeting on December 1, 1952 a switch in voting control from the preferred to the common was approved by the shareholders, and this action by the Trustees was covered by an intermediate accounting in the Surrogate's Court which was settled on April 21, 1961.
 
 
 2
 Plaintiff first objected to this transfer of control (on the grounds of inadequate compensation to the holders of preferred) in 1963 when the Trustees (or their successors) petitioned the Surrogate for a final accounting decree. At that time Special Guardians were appointed to represent unknown and unborn remaindermen, infants and an incompetent beneficiary. Their objections were instigated by and substantially parallel to those of plaintiff. The Surrogate dismissed plaintiff's objections on the grounds of laches and estoppel because:
 
 
 3
 "* * * The unchallenged facts in the instant case are that the objectant, as an individual shareholder, was apprised of the proposed corporate action, as a trustee, he acquiesced in the vote to alter the voting status of the trust stock, as an individual and in the fiduciary capacity in which he now pleads, he was represented by an attorney at the time of the preparation of the earlier account of this trust and both he and his attorney had extended discussion with the other trustees and their attorney. A further important fact is that, upon the issues raised by his objections, the objectant has been quiescent for these many years.
 
 
 4
 "The objectant was appointed an executor of the Joseph P. Grace estate in 1950. The conclusion is that the objectant, in the role which he now assumes as such executor, not only was aware of the matters as to which he complains but a participant in the conduct which he criticizes."
 
 
 5
 The dismissal of plaintiff's objections did not affect the Special Guardians, and their objections remained outstanding until December 21, 1966, when they were withdrawn in return for the establishment of certain trusts on behalf of their wards. Plaintiff meanwhile appealed the Surrogate's decision through the Appellate Division and the Court of Appeals on two occasions without success.
 
 
 6
 Having lost in the State courts, plaintiff commenced this federal diversity proceeding making essentially the same claims with respect to the 1952 transfer of control that he had made before the Surrogate. The District Court correctly held that under the doctrine of res judicata the dismissal of his objections in the prior proceedings operates as a bar to his relitigating the same issues here. See Statter v. Statter, 2 N.Y.2d 668, 163 N.Y.S.2d 13, 143 N.E.2d 10 (1957); Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N.Y. 304, 165 N.E. 456 (1924). It is, of course, true that plaintiff might be entitled to equitable relief if the defendants' alleged fraud prevented him from presenting certain issues to the Surrogate. See Griffith v. Bank of New York, 147 F.2d 899, 160 A.L.R. 1340 (2d Cir.), cert. denied, 325 U.S. 874, 65 S.Ct. 1414, 89 L.Ed. 1992 (1945); Restatement, Judgments § 63 (1942). But it is clear from comparing the allegations made in 1963 with the allegations made in this proceeding that plaintiff is simply attempting to relitigate the same issues. Admittedly he now characterizes as fraud what he formerly termed breach of fiduciary duty, but such a change in labels is not sufficient to remove the effect of the prior adjudication.
 
 
 7
 The action, insofar as it pertains to the Special Guardians, is predicated on the claim that the alleged inadequacy and/or impropriety of the settlement arrived at by the guardians and the Trustees and approved by the Surrogate somehow damaged the plaintiff. After receiving notice of the proposed compromise, plaintiff filed affidavits objecting to the proposed intermediate decree on substantially the same grounds raised here. The Surrogate considered them but nevertheless signed the decree on December 30, 1966. Plaintiff appealed that decree to the Appellate Division which affirmed, and leave to appeal to the Court of Appeals was denied. Plaintiff has thus presented his objections in the State courts, and he is barred from raising them again here. We also feel that plaintiff is actually asking us to supervise the administration of a trust estate over which a competent state court has assumed jurisdiction. This the federal courts will decline to do. Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 59 S. Ct. 275, 83 L.Ed. 285 (1939).
 
 
 8
 Plaintiff's contention that the above proceedings have deprived him of property without due process of law is without merit.
 
 
 9
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Of the First Circuit, sitting by designation