Jacob OLINER, as Trustee in Bankruptcy of the Estate of Zsa Zsa, Ltd., Bankrupt, Plaintiff,

v.

McBRIDE'S INDUSTRIES, INC., et al., Defendants.

No. 72 Civ. 4613 (CHT).

United States District Court,
S. D. New York.

Jan. 10, 1975.

---

Solomon P. Glushak, New York City, for plaintiff.

Cahill, Gordon & Reindel, New York City, for defendants; Thomas F. Curnin, Richard G. LaPorte, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Three of the nine defendants named in this suit—Elmer Slavik, Donald Slavik and George D. Millay—have moved for an order certifying a previous order of this Court dated March 4, 1974 as one appropriate for interlocutory appeal under 28 U.S.C. § 1292(b). Although the Court believes that certification of its previous order would not be justified,[1] the Court has determined that it was in error in denying defendants' previous motion for summary judgment dismissing the complaint as against them.

The complaint[2] asserts four claims for relief against various combinations of the nine defendants. The fourth claim for relief (¶¶ 19 and 20) is the only one in which the moving defendants are named.

It is alleged in that claim that the moving defendants, together with three additional defendants,[3] conspired to and did in fact obtain judicial approval of a settlement in a bankruptcy action in this

1. An immediate appeal would not have "materially advance[d] the ultimate termination of the litigation", 28 U.S.C. § 1292(b). Even if the complaint were to be dismissed as to the moving defendants, the case would still proceed against the remaining defendants. *Chas. Pfizer & Co. v. Laboratori Pro-Ter Prodotti Therapeutici*, 278 F.Supp. 148, 154 (S.D.N.Y. 1967).

2. Pursuant to the March 4, 1974 order, plaintiff filed an amended complaint in order to comply with Fed.R.Civ.P. 9(b). Since the Court has decided to vacate that order, the amended complaint, which merely sets forth more facts regarding the alleged conspiracies to defraud the bankrupt estate, is not before the Court.

3. Those defendants, McBride's Industries, Inc., Zsa Zsa International, Inc. and Bernard Berger, did not join with the moving defendants in seeking to have the fourth claim for relief dismissed.

Court entitled *In the Matter of Zsa Zsa, Ltd., Bankrupt,* 70 B 736 ("the bankruptcy proceedings") by concealing from the Bankruptcy Referee certain essential information. The settlement recognized the moving defendants' right to foreclose a security interest they held by assignment in physical assets and accounts receivable of the bankrupt estate. The information concealed from the Bankruptcy Referee concerned a stipulation of discontinuance entered in a state action, which the moving defendants had previously brought against defendant McBride's International, Inc. The theory of the state suit was that McBride's had assumed Zsa Zsa, Ltd.'s liability under the security agreement.

It is further alleged in the fourth claim for relief that the moving defendants, together with the three other defendants, conspired to, and did in fact, use the security interest to misappropriate for themselves all of the tangible and intangible assets of Zsa Zsa, Ltd., including that corporation's trade name and good will.

The basis for the moving defendants' previous motion for summary judgment was that the claims asserted against them were barred on the grounds of res judicata and collateral estoppel. It was argued that the bankruptcy proceedings, in the course of which the settlement was approved and the sale of the secured assets to McBride's was confirmed, precluded plaintiff from pursuing those claims against defendants in the instant action. After determining that there were no genuine issues of material fact, the Court denied the motion.

In order to determine whether certification of the Court's previous order under 28 U.S.C. § 1292(b) was justified, the Court reviewed its previous decision, the papers submitted on that motion and the papers submitted on the instant motion. The Court is now convinced that it was in error in denying defendants' motion and that, rather than permit that error to go uncorrected until the case is eventually appealed, it would be better to correct the error at this early stage of the litigation.[4]

The Court concedes that it was mistaken in impliedly holding that the allegations set forth in ¶¶ 19 and 20 of the complaint could not have been determined in the bankruptcy proceedings because they were never explicitly cited by the District Court and Court of Appeals in their decisions affirming the settlement and sale. In order to determine whether an issue has been litigated and determined in a previous action, reference must sometimes be made to the pleadings and record. *See, e. g., Bronxville Palmer v. New York,* 18 N.Y.2d 560, 277 N.Y.S.2d 402, 223 N.E.2d 887 (1966). Indeed, there are instances in which the courts of New York[5] have held under the doctrine of collateral estoppel that an issue cannot be raised in an action where it was "necessarily determined", although not litigated, in a previous action. *See, e. g., Statter v. Statter,* 2 N.Y.2d 668, 672, 163 N.Y.S.2d 13, 16, 143 N.E.2d 10, 12 (1957). *See* Weinstein, Korn & Miller, 5 *New York Civil Practice* ¶ 5011.27 at pp. 50–125 to 50–129.

Although the allegation of fraudulent concealment was not litigated or determined in the bankruptcy proceedings, the stipulation of discontinuance was made part of the record on appeal[6] and plaintiff argued (unsuccessfully) that the stipulation tended to prove the unfairness of the settlement to the bank-

---

4. Although defendants never formally requested the Court to reconsider its previous decision, the Court does not believe that its decision to do so would prejudice plaintiff. The case has not yet reached trial despite the fact that it has been on this Court's docket for over two years.

5. Jurisdiction of this Court is predicated upon diversity. Consequently, the doctrine of collateral estoppel, as applied by the courts of New York, is applicable. *Ritchie v. Landau,* 475 F.2d 151, 154 (2d Cir. 1973).

6. Appellant's [Trustee's] Appendix, *In the Matter of Zsa Zsa, Ltd.,* 475 F.2d 1393, Docket Number 73–1033, A108.

rupt estate.[7] Since the allegation of fraudulent concealment is predicated upon the existence of that stipulation, it is difficult to imagine how plaintiff could establish that claim without proving that the order approving the settlement was incorrect. To permit plaintiff to do that, however, would violate the "principle . . . that a valid judgment should not be subject to a collateral attack, i. e., in other ways than by proceeding against the original judgment directly." *Statter v. Statter, supra,* 2 N.Y.2d at 674, 163 N.Y.S.2d at 18, 143 N.E.2d at 13.[8] *See* 1B *Moore's Federal Practice* ¶ 0.405 at p. 638.

The Court has also reviewed defendants' contention that the alleged conspiracy to misappropriate all of Zsa Zsa, Ltd.'s assets was "necessarily determined" against plaintiff in the bankruptcy proceeding.

■ The Referee in Bankruptcy, the District Court and the Court of Appeals, by finding that the settlement was fair and equitable and that the sale of the property secured by those assets (physical inventory and accounts receivable) to McBride's was lawful, necessarily found that those assets were not misappropriated. Plaintiff's attorney impliedly conceded as much in opposing defendants' previous motion.[9]

■ The question that remains, however, is whether the alleged misappropriation of assets not covered by the security interest, *e. g.,* Zsa Zsa, Ltd.'s good will and trade name, was "necessarily decided" against plaintiff in the bankruptcy proceedings.

That claim is predicated on the charge [10] that the moving defendants, having fraudulently obtained approval of the settlement, appointed another company named as a defendant in this suit— Zsa Zsa International, Inc.—to sell those assets "under the guise of the Zsa Zsa label and trade name and good will." That same argument was raised before the Referee in Bankruptcy [11] and the District Court.[12] The District Court, aware of the allegation,[13] could not have approved the settlement and sale of Zsa Zsa, Ltd.'s property had it found, on the basis of the evidence before it, that plaintiff's allegations of misappropriation had merit. The claim was also renewed before the Court of Appeals.[14] That court could not have affirmed the settlement and sale had it found that plaintiff's allegations of misappropriation had merit.

In sum, the Court has determined that the moving defendants are entitled to dismissal of the claims asserted against them on the grounds of res judicata and

7. Affidavit in Support of Motion for Summary Judgment of Thomas F. Curnin, Exh. 9 at pp. 29–30.

8. A similar attempt to reopen a previous case by collateral attack was made by the plaintiff in that case. She alleged, *inter alia,* that defendant, her husband, had obtained a judgment of separation against her in a previous action by falsely representing to her that he had not previously been married. Had her husband not defrauded her, she argued, she could have established that a previous, undissolved marriage of defendant's would have rendered plaintiff's marriage to him a nullity. In other words, she could have contested the separation action by proving the invalidity of plaintiff's and defendant's marriage. The New York State Court of Appeals dismissed the fraud claim on the ground that determination of that claim would violate the "principle . . . that a valid judgment should not be subject to a collateral attack, *i. e.,* in other ways than by proceeding against the original judgment." The Court went on to note that plaintiff could have moved to reopen the separation action and could have obtained full relief there. The same reasoning is applicable here. Plaintiff could have applied on behalf of the bankrupt estate to reopen the bankruptcy proceedings. *See* 1 *Collier on Bankruptcy* ¶¶ 2.49–2.50.

9. Affidavit of Solomon P. Glushak, submitted in opposition to defendants' motion for summary judgment.

10. *Id.* at pp. 2–3.

11. Reply Affidavit in Support of Motion for Summary Judgment of Thomas F. Curnin, Exh. A.

12. Affidavit in Support of Motion for Summary Judgment of Thomas F. Curnin, Exh. 13.

13. *In the Matter of Zsa Zsa, Ltd.,* 70 B 736 (S.D.N.Y., Dec. 29, 1972) at p. 10.

14. Affidavit in Support of Motion for Summary Judgment of Thomas F. Curnin, Exh. 15, p. 33.

collateral estoppel. Its previous decision, denying their motion for summary judgment, was based upon an erroneous interpretation of the two doctrines.

Accordingly, the previous order of this Court dated March 4, 1974 is vacated and defendants' motion for summary judgment is granted. Defendants' motion for certification is dismissed as moot.

So ordered.