## Richmond

## ·LUCY ANN ROMEO V. SALVATORE JOSEPH ROMEO

September 1, 1977.

Record No. 760647.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Paul F. Gluchowski; William E. Evans (Evans, Hamblen and Gluchowski,* on briefs), for appellant.

*John J. Prendergast (Stephen C. Martson,* on brief), for appellee.

HARMAN, J., delivered the opinion of the Court.

Salvatore Joseph Romeo (Romeo) instituted a declaratory judgment proceeding in the trial court against Lucy Ann Romeo (Mrs. Romeo) seeking to have the court hold the marriage between the parties to be bigamous and void on the ground that Mrs. Romeo, at the time of her marriage to Romeo on July 31, 1964, was still legally married to Albert Lambert. In addition to denying Romeo's allegations, Mrs. Romeo, in her answer, alleged that the validity of her marriage to Romeo had theretofore been upheld in an adjudication by a court of competent jurisdiction in New York, that the New York judgment was res judicata on the issue of the validity of the marriage and that this judgment was entitled to full faith and credit. We granted an appeal to review the trial court's decree denying full faith and credit to the New York judgment and holding the marriage between the parties to be bigamous and void *ab initio.*

In deciding this case we need consider only Mrs. Romeo's claim that the trial court erred in refusing full faith and credit to the New York judgment.

Duly attested copies of the records and proceedings in the New York courts are a part of the record before us. An examination of this record discloses that Romeo, in 1968, instituted an annulment action in the Supreme Court of Suffolk County, New York, a trial court of general jurisdiction. In his complaint Romeo sought an annulment of his marriage to Mrs. Romeo on the grounds that Mrs. Romeo was still lawfully married to Albert Lambert at the time of her marriage to Romeo. Mrs. Romeo counterclaimed for a permanent separation. At trial of this proceeding, Romeo withdrew his complaint for annulment and the suit proceeded on Mrs. Romeo's counterclaim. After a contested hearing, the court, finding Mrs. Romeo to be Romeo's "lawful wife", awarded Mrs. Romeo a permanent separation from bed and board and weekly support.

In 1971 Romeo petitioned the New York trial court to vacate the decree of separation and reinstate his action for annulment. The court denied Romeo the relief he sought, stating that Romeo could not "now, almost two (2) years later, claim that he did not have his day in court." This action by the New York trial court was appealed to the Appellate Division of the Supreme Court, the intermediate appellate court in New York, which, on June 15, 1972, unanimously affirmed the New York trial court. In its decision the appellate court stated:

> "The judgment of separation is *res judicata* as to the validity of the marriage (*Statter* v. *Statter*, 2 N Y 2d 668; *Psaroudis* v. *Psaroudis*, 27 N Y 2d 527). As plaintiff's allegations do not fall into the category of newly discovered evidence, it would have been improper to reopen issues inherently decided in the action two years before (*Matter of Wareham* v. *Wareham*, 34 A D 2d 647)." *Romeo* v. *Romeo*, 39 App. Div. 2d 559-60, 331 N.Y.S.2d 870, 871 (1972).

After this decision, Romeo moved the Appellate Division for permission to reargue his appeal or for leave to appeal to the Court of Appeals, New York's highest court. His motion was denied.

Romeo in 1972 instituted a second annulment proceeding in New York and again alleged that Mrs. Romeo was still legally married to Albert Lambert at the time of her marriage to Romeo. This suit was discontinued on Romeo's motion. In an affidavit filed in support of his motion, Romeo stated: "6. I desire to discontinue the ... action because there is a prior judgment of separation existing between the parties which, by virtue of the case law of this State, ... is res adjudicata as to the instant action."

In April of 1975 Romeo instituted his declaratory judgment proceeding in the Circuit Court of Arlington County.

The question presented by this appeal is whether Romeo could relitigate the validity of his marriage in the courts of this jurisdiction after that marriage has been adjudged valid in contested judicial proceedings in New York. The New York judgments show that the validity of the marriage was adjudicated in the separation proceeding in that State. In

affirming the New York trial court's denial of Romeo's motion to reinstate his annulment action, the Appellate Division specifically held "[t]he judgment of separation is *res judicata* as to the validity of the marriage." In support of that statement the Appellate Division cited *Statter* v. *Statter*, 2 N.Y.2d 668, 143 N.E.2d 10, 163 N.Y.S.2d 13 (1957), in which the New York Court of Appeals held the New York statute providing for separation "makes the existence of a valid marriage a condition precedent to the successful maintenance of a cause for separation, and that a judgment of separation establishes the existence of a valid and subsisting marriage between the parties." *Id.* at 672, 143 N.E.2d at 12, 163 N.Y.S.2d at 16 (Citations omitted).

The United States Constitution [1] and federal [2] and Virginia statutes [3] require the courts of this state to give full faith and credit to the judicial proceedings of another state. The constitutional mandate for full faith and credit, as implemented by Congress, requires every state to give a foreign judgment at least the res judicata effect which the judgment would be accorded in the state which entered it. *Durfee* v. *Duke*, 375 U.S. 106, 109 (1963); *Osborne* v. *Osborne*, 215 Va. 205, 208, 207 S.E.2d 875, 879 (1974). As the New York separation judgment makes the issue of the validity of the marriage res judicata in New York, it bars relitigation of that issue in this state.

Therefore, we will reverse the declaratory judgment decree appealed from and enter a final decree here for Mrs. Romeo.

*Reversed and final decree.*

---

[1] "Full faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State . . ." U.S. Const. art IV, §1.

[2] Duly authenticated "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of the State . . . from which they are taken." 28 U.S.C. § 1738.

[3] Duly authenticated "records and judicial proceedings of any court of . . . any state . . . shall have such faith and credit given to them in every court within this State, as they have in the courts of the state . . . whence such records come." Code § 8-271.