# Richie v. Carson

*Lawrence C. Davis,* for plaintiff.
*R. Thomas Straver* and *Larrick B. Stapleton,* for original defendant.
*Alan R. Krier,* for additional defendant.

ABOOD, *J.,* January 17, 1978 — Plaintiff was injured in an accident involving original defendant on Route 22 in Cambria County on September 12, 1973. The male plaintiff was an employe of Frank Calandra, Inc., and was working in the course of his employment when injured.

Plaintiff and his wife filed suit against original defendants on September 25, 1975 (Writ of Summons, August 13, 1975). Defendants joined Frank Calandra, Inc. as additional defendant by a complaint filed on October 9, 1975.

Additional defendant filed a motion for judgment on the pleadings on December 1, 1977.

Additional defendant asserts that the action against it is barred by the Act of December 5, 1974, P.L. 782, sec. 6. The act became effective on February 5, 1975: 77 P.S. §481(b).

In the case of Hefferin v. Stempkowski, 247 Pa. Superior Ct. 366, 372 A. 2d 869 (1977), the Superior Court of Pennsylvania held that the Act of December 5, 1974, which amended the Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, granted an immunity from suit by a third party defendant against an employer or the right to join the employer as an additional defendant, when the original suit is brought by an employe for injuries allegedly caused by the third party defendant.

The question raised in the present case by the motion for judgment on the pleadings filed by additional defendant (employer) is whether or not the Act of December 5, 1974, applies when the cause of action arose on September 12, 1973.

The Statutory Construction Act of May 28, 1937, P.L. 1019, 46 P.S. §556, provides that: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." There is no retroactive intention expressed by the Legislature in the amendment enacted on December 5, 1974.

The amendment changed the law substantively and this further prevents the retroactive application.

In support of the above reasoning, see: Oliner v. McBride's Industries, Inc., 412 F. Supp. 490 (S.D. N.Y. 1975); Wesolowski v. Rhoades, 416 F. Supp. 1052 (E.D. Pa. 1976).

Accordingly, the following order is entered.

## ORDER

And now, January 17, 1978, the motion for judgment on the pleadings filed on behalf of additional defendant is hereby denied.