## STEFFENS v CONTINENTAL FREIGHT FORWARDERS CO., INC.

Ohio Appeals, 1st Dist, Hamilton Co

No 5895. Decided Feb 10, 1941

30

Edwin B. Pierce, Columbus, and E. S. Diehl, Defiance, for appellant.

Cohen, Hurtig & Cohen, Cincinnati, for appellee.

## OPINION

By ROSS, J.

Appeal on questions of law and fact from a judgment of the Common Pleas Court of Hamilton County. The case was presented and heard on questions of law.

A bill of exceptions was filed both in the trial court and in this court. The trial court instructed a verdict for the defendant at the close of all the evidence.

The plaintiff was injured in Beaver Falls, Pennsylvania, when struck by a truck owned and at the time operated by A. J. Miller. The defendant is an Ohio corporation, with its principal place of business at Cincinnati. The truck in question bore the name of the defendant, displayed license numbers issued to the defendant by the Interstate Commerce Commission and the Public Utilities Commission of Ohio. The Ohio vehicle license tags displayed on the truck were issued to Miller. The truck at the time the injury was received by the plaintiff was engaged in interstate commerce.

Miller received a part of the tariff charges as compensation for his share in the transaction. He stated that the truck was under the direction of the defendant. We quote from his testimony:

"Q. Who directed the drivers of those trucks?

Mr. Pierce: Objection.

The Court: Overruled.

A. The Company."

The defendant filed an answer to the amended petition admitting agency, and then later filed an amended answer denying agency. It does not appear that the plaintiff offered the answer as evidence in the case, however. It would have been proper evidence as an admission against interest. As a pleading, however, it has no value, and it does not appear that the plaintiff was prejudiced by leave being given to file the amended answer, the defense set up in the first section of the answer being a general denial. The amended answer merely denied a fact previously admitted.

One of the defenses in both the answer and amended answer was a general denial.

As the matter developed at the trial, it was the claim of the defendant that Miller was an independent contractor, for whose acts the defendant was not responsible, and that by the laws of Pennsylvania the forwarder of frieght by motor truck was not responsible for the acts of such independent contractor, although the laws of Ohio, as amended, and the recent decisions of the Supreme Court of Ohio attached

liability to such forwarder, even where the relationship of independent contractor existed. The court found as a matter of law that Miller was not the agent of the defendant and that the law of Pennsylvania applying, as an independent contractor, the negligence of Miller would not render the defendant liablie for injuries to the plaintiff.

As in the case of **Cushman Motor Delivery Co. v Smith, Admr., 51 Oh Ap 421,** we consider there was enough evidence on the question of agency to require this issue to be submitted to the jury.

Generally speaking, the law of the place of the wrong governs liability for tort. Restatement, Conflict of Laws, p. 470-472 et seq., 11 Am. Jur. 490, et seq. **Interstate Motor Freight Co. v Johnson, 32 Oh Ap 363.**

However, in the instant case, we consider the acts of Congress, as amended August 9th, 1935, to apply, notwithstanding the laws of Pennsylvania would free the defendant from responsibility for the acts of an independent contractor. Under the laws of Ohio, prior to the passage of §614-115, as amended effective August 11th, 1937, the Supreme Court of Ohio was in accord with the law of Pennsylvania, and had held that the forwarder was not liable for negligence of an independent contractor delivering freight forwarded. **Leonard, etc. v Kreider, etc., 128 Oh St 267.**

This case was decided May 2nd, 1934.

In **Duncan v Evans, etc., 134 Oh St 486,** the Supreme Court held that the acts of the legislature, §§614-103 to 614-128, as amended, since the announcement in Leonard v Kreider, supra, presented a different situation, and that the forwarder was liable for the acts of the independent contractor. Duncan v Evans did not overrule Leonard . v Kreider, but a different situation in the statutory law in Ohio was found to exist in the latter case from that which prevailed in the former. It would appear that no question of interstate commerce was considered, and there was, therefore, no reason for considering federal legislation. Duncan v Evans was decided November 30, 1938.

This court in **Cushman Motor Delivery Co. v Bernick, et, 55 Oh Ap 31,** considered itself bound by the case of **Leonard, etc. v Kreider, etc., 128 Oh St 267,** although the Federal Law as expressed in the Acts of Congress (U. S. C. A. Title 49, §315, amended August 9, 1935) was in effect at the time of the decision in the case of this court.

Reference to **Cushman Motor Delivery v Smith, 51 Oh Ap 421,** which involved the same events as those considered in **Cushman Motor Delivery v Bernick, 55 Oh Ap 31,** shows that the same collision involved in each case occurred on August 2nd, 1933. The first case involved the loss of life of the driver of a truck and trailer, caused by a collision with the truck of the carrier. The second case was an action by the owners of the truck and trailer against the carrier for loss of the truck and trailer caused by this collision. At the time of the collision, the Federal Act of August 9th, 1935 had not been enacted. It was, therefore, considered in the Cushman cases, that the Federal Act could not apply, although it was further considered that the carrier in those cases being engaged in interstate commerce would be subject to Federal Regulations; the power of the State being subject thereto.

Section 315 of Title 49 of the Federal Act is in the main very similar to §614-115, GC. It is clear that the Interstate Commerce Commission is given jurisdiction over interstate motor shipments.

If the common law rule in Ohio as to intrastate motor shipments is modified by virtue of the provisions of §614-115 GC, certainly, such rule would, by analogy, be modified as to interstate motor shipments by the provisions of the Act of Congress of August 9th, 1935, as found in §315, Title 49, U. S. C. A.

It is, therefore, our conclusion that neither the Ohio nor the Pennsylvania law controls the liability of the defendant in the instant case, but that such liability is affected by the provisions of the Federal Act, and that the rule under such Act as to Interstate shipments

**32**

is the same as that now prevailing in Ohio. applying to intrastate shipments, as set out in **Duncan v Evans, etc., 134 Oh St 486.** Our position in this respect is fortified by a ruling by the Interstate Commerce Commission, made on August 19th, 1936, as follows:

"Question: Under what circumstances may a carrier add to its equipment by leasing a vehicle and obtaining the service of its owner-driver?

Answer: The lease or other arrangement by which the equipment of an authorized operator is augmented, must be of such a character that the possession and control of the vehicle is, for the period of the lease, entirely vested in the authorized operator in such way as to be good against all the world, including the lessor; that the operation thereof must be conducted under the supervision and control of such carrier; and that the vehicle must be operated by persons who are employees of the authorized operator, that is to say, who stand in the relation of servant to him as master."

The judgment of the Court of Common Pleas is, therefore, reversed, and the cause remanded for further proceedings in accordance with law.

MATTHEWS, PJ. and HAMILTON, J., concur.