JOCIE MOTOR LINES, INC., v. BRUCE JOHNSON, INDIVIDUALLY, AND BRUCE JOHNSON, TRADING AS BRUCE JOHNSON TRUCKING COMPANY.

(Filed 3 February, 1950.)

**1. Judgments § 34—Federal judgment bars action in State Court as to all matters which were or should have been adjudicated in the Federal Court.**

In an action in the Federal Court, recovery was obtained for damages resulting from the collision of an automobile and a truck operated in interstate commerce under a lease by one defendant from the other defendant, the judgment therein holding the defendants to be jointly and severally liable to the plaintiffs in that action. *Held:* The judgment was tantamount to holding defendants to be joint tort-feasors as a matter of law and, under the Federal practice, the lessee had the right to set up therein any indemnity agreement of lessor, Federal Rule of Civil Procedure No. 14, 28 U.S.C.A. 723c, and therefore the Federal judgment bars a subsequent suit in the State Court by lessee against lessor to recover upon the indemnity agreement and precludes lessee from asserting that its liability was secondary.

**2. Carriers § 5—**

Where the holder of a franchise from the Interstate Commerce Commission for the transportation of goods in interstate commerce leases trucks *from one not authorized to transport goods in interstate commerce* and operates such trucks under its own franchise and license plates, such holder may not escape liability to the public for the negligent operation of such trucks.

**3. Constitutional Law § 28—**

The decisions of our Federal Courts must be accorded the same faith and credit by us that we are required to give to the judicial proceedings of another state.

APPEAL by the defendant from *Armstrong, J.,* at June Term, 1949, of MECKLENBURG.

The facts pertinent to this appeal are as follows:

1. The plaintiff herein entered into a lease agreement on or about 1 October, 1942, under the terms of which it leased certain vehicles from the defendant herein, for use in interstate commerce. The leased vehicles were to have assigned and affixed to them, for the duration of the lease, the lessee's Interstate Commerce identification plates. And the lessee agreed to cover the leased vehicles with public liability insurance.

2. The lessee agreed to pay the lessor 80 per cent of the gross receipts free from all sales taxes or freight tax.

3. The lessor was to furnish and pay the drivers of the leased vehicles. But all freight hauled in interstate commerce, pursuant to the agreement, was to be hauled on standard bills of lading in the name of Jocie Motor Lines, Inc. All return loads had to be specified or solicited by the lessee.

4. The lessor agreed to indemnify and save harmless the lessee against any claim arising from the operation of the leased vehicles and against any claim for loss or damage to any shipment or shipments being transported in said vehicles.

5. On 29 March, 1943, while the lease agreement was in force, one of the leased vehicles left Charlotte, N. C., loaded with a cargo to be delivered to Swift & Co., in Roanoke, Va. The cargo was delivered and on the return trip to Charlotte the vehicle, while being driven by the lessor's driver, Clifton Gilmore, collided with the automobile of one Hubert D. Hodges, near Rocky Mount, Va., resulting in the death of one of the occupants of the automobile and seriously injuring three others.

6. As a result of the above collision, four actions were instituted against the defendant lessor, in the Circuit Court of Franklin County, State of Virginia. The cases were removed to the District Court of the United States for the Western District of Virginia, Roanoke Division.

7. Thereafter the defendant lessor moved to make the plaintiff herein a third party defendant in those actions. The motion was granted and Jocie Motor Lines, Inc., filed answers and denied liability.

8. The cases were consolidated for trial and judgments aggregating $9,500.00 were rendered in favor of the plaintiffs. Both the plaintiff and the defendant herein were held to be jointly and severally liable for the injuries sustained by the plaintiffs.

9. The American Fidelity & Casualty Company, the public liability carrier of the plaintiff herein, paid one-half of the total amount of the above judgments, in the amount of $4,750.00, on 16 December, 1943, and assigned its purported claim, by way of subrogation against the defendant herein, to its insured, the plaintiff herein on 1 December, 1946.

10. The plaintiff instituted this action to recover under its assignment of the above claim and its contract of indemnity, and insists that in any event its liability was only secondary and that it is now entitled to have these questions adjudicated.

11. The defendant filed a demurrer to the complaint as amended by the amendment and reply, in which he demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action against the defendant, in that it appears:

(a) That the plaintiff and defendant herein have been adjudged as jointly and severally liable for the negligence of the driver of the leased vehicle, and that a joint and several judgment, in the aggregate amount of $9,500.00 was duly entered in the United States District Court for the Western District of Virginia, Roanoke Division, in an action entitled "Annie Catherine Hodges, *et als.* plaintiffs *v.* Bruce Johnson, trading as Bruce Johnson Trucking Company, and Clifton Gilmore, defendants, and Jocie Motor Lines, Inc., Third Party defendant."

(b) That in the reply filed by the plaintiff in this action it is admitted that the plaintiff had procured a casualty insurance policy issued by the American Fidelity & Casualty Company, under the terms of which said insurance company became obligated to pay, and did pay, the amounts set forth in paragraph 4 of the complaint; and it is further admitted that the plaintiff, Jocie Motor Lines, Inc., did not make any payments upon the judgments referred to in the complaint, and that it did not pay any of the expenses, court costs or attorneys' fees sought to be recovered in this action.

(c) That the purported claim of the plaintiff by reason of the assignment from the American Fidelity & Casualty Company arises out of or results from the amounts paid on the judgments referred to in subparagraph (a) hereof.

(d) The American Fidelity & Casualty Company has never at any time had, did not on the 1st day of December, 1946, have, and does not now have, any valid claim against this defendant.

(e) That the amount sought to be recovered by the plaintiff is not a claim for loss sustained by the plaintiff for or against which the defendant agreed to indemnify and save harmless the plaintiff under the lease agreement.

The demurrer was overruled, and defendant appeals and assigns error.

*Smathers, Smathers & Carpenter and Smathers & Meekins for plaintiff.*

*Helms & Mulliss for defendant.*

DENNY, J.   We think the questions sought to be litigated in this action were or might have been adjudicated in the case of *Hodges, et als. v. Johnson, et als.*, 52 F. Supp. 488. The plaintiff herein was made a third party defendant in that action, under the Federal Rules of Civil Procedure, Rule 14, 28 U.S.C.A., Sec. 723c, governing third party practice. The rule permits a defendant "to bring in a third party, provided the third party is liable to the defendant by way of contribution, indemnity, or otherwise, for the claim made against him." 35 C.J.S., p. 993, where the reason for this rule is also stated, as follows: "Rule 14 was formulated and adopted, in keeping with the purpose of all the Federal Rules of Civil Procedure, to simplify and expedite procedure, the purpose of such rule being to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy, to prevent the necessity of trying several related claims in different lawsuits and to enable all of them to be disposed of in one action, or, as otherwise expressed, the purpose or object of such rule is to avoid circuity of action and multiplicity of suits and to adjust in a single suit the several phases of the same controversy as it affects the parties. The remedy provided by this rule must be exercised promptly. The rule should be liberally construed to effectuate its intended purposes, to the end that circuity of action may be avoided and that disputed jural relationships growing out of the same matter be resolved in one action, and should be applied whenever the application of such rule will simplify procedure, secure a speedy trial, terminate the litigation, and reduce costs."

It was further provided in Rule 12-3(a), 28 U.S.C.A. 723c, which Rule was in effect in 1943, that: "A pleading shall state as a counterclaim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of

third parties of whom the court cannot acquire jurisdiction." And in 13(g) of the same Rule, that: "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

It seems to us that the Federal Rules of Civil Procedure, as set forth above, were devised to cover just such a factual situation as that presented on this appeal. Under the express provisions of these Rules, it was contemplated that all questions which might arise between the defendant and a third party defendant, by way of contribution, indemnity or otherwise, growing out of a pending action, should be adjudicated in one action.

In the case of *Hancock Oil Co. v. Universal Oil Products Co.,* 115 F. 2d 45 (Ninth Circuit), it was held that where a counterclaim arises out of the "transaction or occurrence that is the subject matter of the opposing party's claim," the counterclaim is compulsory and unless stated in the answer the right to recover thereon is lost.

Furthermore, prior to the amendment of Rule 14, which became effective 19 March, 1948, the rule provided: "The third party defendant is bound by the adjudication of the third party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third party plaintiff."

The question of primary and secondary liability could have been raised in the former litigation, just as it was in the case of *War Emergency Co-Op. Assn. v. Widenhouse,* 169 F. 2d 403 (Fourth Circuit), where the facts were essentially on all-fours with those before the Court in *Hodges et als. v. Johnson, et als., supra.*

In the last cited case, *Judge Barksdale* held, as a conclusion of law, that "Johnson was an independent contractor, and upon the familiar general rule of *respondeat superior,* there would be no liability upon Jocie for the negligence of Gilmore." . . . He then said: "However, inasmuch as it appears to me that the situation here presents an exception to the general rule that an employer of an independent contractor is not liable for bodily harm caused by such independent contractor or his servants, I conclude that Jocie is jointly and severally liable with Johnson for the negligence of Johnson's servant, Gilmore. The exception to which I refer is stated in the 'Restatement of the Law of Torts,' p. 1149, Sec. 428, as follows: 'An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to

others, is subject to liability for bodily harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity.' "

Therefore, it is quite clear that the parties hereto are not only bound by the judgment entered in *Hodges, et als. v. Johnson, et als., supra,* as to the questions raised and determined therein, but the judgment is *res judicata* on the issues that could have been raised and adjudicated therein. *Angel v. Bullington,* 33 U.S. 183, 67 S. Ct. 657, 91 L. Ed. 832; *Distributing Co. v. Carraway,* 196 N.C. 58, 144 S.E. 535; *Moore v. Harkins,* 179 N.C. 167, 101 S.E. 564; *Griffin v. Griffin,* 183 Va. 443, 32 S.E. 2d 700; *Brunner v. Cook,* 134 Va. 266, 114 S.E. 650.

Moreover, in the case of *Brown v. Truck Lines,* 227 N.C. 299, 42 S.E. 2d 71, where Brown, the owner of a truck, leased it to a franchise carrier, we held that the relationship of employer and employee existed between Brown, the lessor, who was also the driver of the truck, and the lessee, the owner of the franchise. The defendant, lessee, contended Brown was an independent contractor and besides he had agreed to indemnify and save harmless the lessee against any claim arising from the operation of the leased vehicle. The agreement to indemnify was in the identical language as that contained in the lease now under consideration. *Devin, J.,* in speaking for the Court, said: "The provision in the contract in the case at bar whereby the lessor Brown agreed to indemnify and save harmless the lessee from any claim arising from the operation of the vehicle may not be held to relieve the defendant, if as a matter of law under the facts found liability under the Workmen's Compensation Act accrued, as provided by the statute. G.S. 97-6. The act of the defendant in accord with the provisions of the lease in placing its own license plates on Brown's truck under the circumstances disclosed, thus giving it the status and holding it out as its own vehicle for the purpose of this trip, a procedure which alone authorized its operation, must be regarded as an assumption of such control as would defeat the plea of non-liability for injury to the driver on the ground of independent contractor."

The holder of a franchise from the Interstate Commerce Commission, for the transportation of goods in interstate commerce, cannot escape liability to the public for the negligent operation of trucks leased from one not authorized to transport goods in interstate commerce, and operated under its own franchise and license plates for the transportation of goods in interstate commerce. *Brown v. Truck Lines, supra; Wood v. Miller,* 226 N.C. 567, 39 S.E. 2d 608; *Hodges et als. v. Johnson et als., supra; Steffens v. Continental Freight Forwarders Co.,* 66 Ohio App. 534; *Kimble v. Wilson,* 352 Pa. 275; Restatement of the Law of Torts, Section 428.

The plaintiff and the defendant herein were parties to the action in *Hodges, et als. v. Johnson, et als., supra,* and the judgment therein holding them to be jointly and severally liable to the plaintiffs in that action, was tantamount to holding them to be joint tort-feasors as a matter of law, and no appeal having been taken therefrom, *Angel v. Bullington, supra,* the plaintiff is not entitled to re-litigate matters which were or might have been adjudicated in that action.

The decisions of our Federal Courts must be accorded the same faith and credit by us that we are required to give to the judicial proceedings of another State. *Knights of Pythias v. Meyer,* 264 U.S. 30, 68 L. Ed. 885; *Hancock Nat. Bank v. Farnum,* 176 U.S. 640, 44 L. Ed. 619; *Lewis v. Furr,* 228 N.C. 89, 44 S.E. 2d 604; *Suskin v. Hodges,* 216 N.C. 333, 4 S.E. 2d 891; G.S. 8-4.

The demurrer interposed below should have been sustained, accordingly the judgment overruling the demurrer is

Reversed.