H. L. KING, ADMINISTRATOR OF THE ESTATE OF BYRON SHARPE, DECEASED v. RONALD K. GRINDSTAFF, SR., RONALD K. GRINDSTAFF, JR., INDIVIDUALLY AND TRADING AS RONALD K. GRINDSTAFF & SON; LEONARD ROSS LEWIS AND BRADLEY LUMBER COMPANY, INC.

H. L. KING, ADMINISTRATOR OF THE ESTATE OF BERLIN SHARPE, DECEASED v. RONALD K. GRINDSTAFF, SR., RONALD K. GRINDSTAFF, JR., INDIVIDUALLY AND TRADING AS RONALD K. GRINDSTAFF & SON; LEONARD ROSS LEWIS AND BRADLEY LUMBER COMPANY, INC.

No. 7321SC163

(Filed 28 March 1973)

1. **Judgments § 36— res judicata — identity of parties — personal injury actions in federal court — wrongful death actions in state court**

Where an automobile occupied by a husband, his wife and their two children collided with a truck, the husband and one child were killed and the wife and other child were injured, the wife and injured child recovered judgments for their personal injuries in federal court against the driver of the truck, its owner and the corporation for which the truck was hauling lumber at the time of the accident, wrongful death actions were instituted in a state court against the same defendants by the personal representatives of the deceased husband and child, and the wife and child who were plaintiffs in the federal personal injury actions would be the sole beneficiaries of any recovery in the wrongful death actions, there was a sufficient identity of parties in the two actions to support a plea of *res judicata* in the state wrongful death actions so that the only issue remaining for the jury in those actions is the issue of damages.

2. **Principal and Agent § 9— liability of principal for agent's negligence — action in scope of employment**

Although there was no specific finding in a federal court judgment that a truck driver was acting in the scope of his employment with the corporate defendant at the time he collided with an automobile, such finding was implicit in the court's determination that the corporate defendant was liable for the negligence of the truck driver.

APPEAL by defendant Bradley Lumber Company from *Collier, Judge,* 13 October 1972 Session, Superior Court, FORSYTH County.

These two wrongful death actions resulted from an automobile-truck collision which occurred in Davidson County on 25 November 1966. The truck was operated by defendant Lewis, was owned by defendant Grindstaff and Son, and was used to

haul lumber for defendant Bradley Lumber Company under an agreement between Grindstaff and Bradley. The automobile was occupied by Berlin Sharpe, his wife, Alice Sharpe, and their two minor children, Juanita Sharpe and Byron Sharpe. Alice Sharpe was the driver. All of the Sharpes were injured in the accident. As a result of injuries received in the accident, Berlin Sharpe died on 25 November in Davidson County, and Byron Sharpe died later the same day in Forsyth County.

Alice Sharpe and Juanita Sharpe, by her next friend, brought separate personal injury actions in United States District Court, Middle District of North Carolina, Winston-Salem Division, against the same defendants herein, *Sharpe v. Grindstaff*, 329 F. Supp. 405 (M.D.N.C. 1970). Both plaintiffs alleged that Lewis was negligent, that his negligence was the proximate cause of the injuries sustained, and that Lewis was driving the truck as the agent and servant of the Grindstaffs and Bradley and in furtherance of their business and within the scope of his authority from them. The material allegations were denied by defendants.

The causes were heard by Judge Gordon without a jury, who found Lewis negligent, and Mrs. Sharpe free of contributory negligence. He found that the Grindstaffs admitted that Lewis was their employee and was driving their truck within the course of his employment, and they were, under the doctrine of *respondeat superior*, liable, as well as Lewis, for whatever damages plaintiffs might be awarded. As to Bradley, however, he found that Bradley retained no control over Lewis or Grindstaff nor over their method of operation and, therefore, Bradley was not liable for Lewis' negligence at the time of the accident. He awarded damages against the Grindstaffs in favor of plaintiffs in the total amount of $115,000, and dismissed the actions as to Bradley.

On appeal, the Circuit Court of Appeals recited the facts and said: "We think these facts ineluctably establish that Lewis was no less an employee of the Bradley Lumber Company than of R. K. Grindstaff & Son and that his negligence which brought injuries to the Sharpes is imputable to both." *Sharpe v. Bradley Lumber Co.*, 446 F. 2d 152, 155 (4th Cir. 1971). That Court held that the plaintiffs were entitled to judgment against Bradley as well as the Grindstaffs and reversed and remanded for entry of judgment in favor of plainitffs against

Bradley. Bradley petitioned the Supreme Court for a writ of certiorari, which was denied. *Bradley Lumber Co. v. Sharpe,* 405 U.S. 919, 92 S.Ct. 946, 30 L.Ed. 2d 789 (1972).

Pleadings in these two actions *sub judice* contain the same allegations as in the Federal court actions. Plaintiffs in the State actions, after obtaining leave of court, amended the complaints and pleaded the doctrine of *res judicata* by virtue of the findings of fact, conclusions of law, and judgments in the companion cases in the Federal Court, alleging that the only issue remaining for the jury is the issue of damages. Defendant Bradley answered, moving to dismiss plaintiffs' plea of *res judicata.*

Plaintiffs then filed a motion for summary judgment. The court, by order entered, granted the motion and directed that the causes be placed on the jury calendar for trial on the sole issue of damages.

Defendant Bradley appealed.

*Deal, Hutchins and Minor, by Fred S. Hutchins, Sr., and William Kearns Davis, for plaintiff appellees.*

*Womble, Carlyle, Sandridge and Rice, by W. F. Womble, and Smith, Moore, Smith, Schell and Hunter, by Richmond G. Bernhardt, Jr., for defendant appellant.*

MORRIS, Judge.

The sole question presented on this appeal is whether the court erred in allowing plaintiff's motion for summary judgment, based on their plea of *res judicata,* leaving only the issue of damages for trial.

> " 'The doctrine of *res judicata* as stated in many cases is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' 30A Am. Jur., Judgments, § 324, p. 371. In order for a judgment to constitute *res judicata* in a subsequent action there must be identity of parties, subject matter, issues and relief demanded, and it is required further that the estoppel be mutual." (Citations omitted.) *Shaw v. Eaves,* 262 N.C. 656, 661, 138 S.E. 2d 520 (1964).

**[1]** Appellant first contends that the identity of parties requirement is not met. We do not agree.

It is conceded that plaintiffs in the Federal personal injury actions, Alice K. Sharpe and Juanita Sharpe, would be the sole beneficiaries of any recovery in the wrongful death actions now before us.

> "It is said that identity of parties is not a mere matter of form, but of substance; parties nominally the same may be, in legal effect, different; and parties nominally different may be, in legal effect, the same.
>
> For the purpose of the rule of res judicata, 'parties' has been defined to include all persons who have a direct interest in the subject matter of the action and have a right to control the proceedings, defend, examine the witnesses, and appeal if an appeal lies." 46 Am. Jur., 2d, Judgments § 529, p. 680.

It is true, as appellant suggests, that had Berlin Sharpe and Byron Sharpe survived and brought actions for personal injuries neither would be bound by the judgments in the Federal personal injury actions. Appellant argues that their personal representatives should not be bound. However, the cause of action given by statute to the personal representative for the wrongful death of the deceased is not a cause of action which belonged to the deceased person nor is it a cause of action in which he had any interest. The personal representative is the person designated by statute to bring the action, but he derives no right, title, or authority from his intestate. He occupies a position similar to a trustee in respect to the fund he may recover for the benefit of the persons who are entitled to receive it as beneficiaries under the statute of distribution. In an action for the recovery of damages for wrongful death, such as the actions before us, the real party in interest is the beneficiary under the statute for whom the recovery is sought—not the personal representative. *In re Estate of Ives,* 248 N.C. 176, 102 S.E. 2d 807 (1958) ; *Davenport v. Patrick,* 227 N.C. 686, 44 S.E. 2d 203 (1947).

In *Deaton v. Elon College,* 226 N.C. 433, 38 S.E. 2d 561 (1946), plaintiff administratrix's action was based on negligence and the appeal presented the question of whether the trial court erred in granting defendant's motion for nonsuit.

King v. Grindstaff

The Court noted that there had been a previous action brought by the plaintiff against the same defendant in which it had been determined that the status of deceased was that of an independent contractor in his relations with defendant. The Court said:

> "The widow and children of the deceased were the claimants in the former proceeding. *Hayes v. Elon College*, 224 N.C. 11. They are the ultimate beneficiaries in case of recovery in this action. Hence the former decision of this Court is *res judicata* as to the status of deceased as an independent contractor in his relations with defendant."

The Court went on to say that it did not, however, bar plaintiff's right to maintain the action then before the Court because the issues were not the same because the recovery in the first action depended upon a master-servant relationship and in the second action recovery depended upon a finding of negligence on the part of defendant. We think Justice Barnhill's language applicable to the case *sub judice*. The plaintiffs in the Federal cases are the ultimate beneficiaries in case of recovery in these actions. If the issues determinative of liability are the same and were determined in the Federal cases, the plea of *res judicata* was properly allowed. Bradley contends they were not.

The District Court found that Lewis, driver of the truck, was negligent; that his negligence was a proximate cause of plaintiffs' injuries; and that Alice Sharpe, driver of the Sharpe automobile, was not contributorily negligent. The Court on the question of agency said: "R. K. Grindstaff and Ronnie Grindstaff transacting business as 'R. K. Grindstaff and Son', a partnership, readily admit that at the time of the collision Leonard Ross Lewis was employed by them and that he was driving their truck within the course of his employment. Thus, under the doctrine of *respondeat superior* they, as well as Lewis, are liable for whatever damages plaintiffs might be awarded." *Sharpe v. Grindstaff, supra,* p. 409. The Court concluded from the facts found that "[s]ince Bradley Lumber Company, Inc., retained no control over Lewis or Grindstaff as individuals nor over their method of operation, the corporation cannot be considered their employer. Bradley Lumber Company, Inc., therefore, is not liable for the negligence of Lewis on November 25, 1966." *Id.* p. 410. The Court also concluded "that Alice K. Sharpe and Juanita Sharpe, as a proximate result

of the negligence of Leonard Ross Lewis, suffered severe and multiple injuries; that Leonard Ross Lewis, when the collision in question occurred, was acting within the scope of his employment for R. K. Grindstaff and Son; that there was no agency relationship either between Lewis and Bradley Lumber Company, Inc., or between the Grindstaffs and Bradley Lumber Company, Inc., and that Alice K. Sharpe was not contributorily negligent in the driving of her automobile." *Id.* p. 411. Plaintiffs appealed to the Circuit Court of Appeals. That Court, in reciting the facts, said: "R. K. Grindstaff & Son were engaged in the business of sawmilling and trucking, the latter activity under the direction and control of the junior partner, Ronnie Grindstaff. In November, 1966, the time of the accident, the partnership owned three tractor-trailer units, two of which were closely tied in with the operations of the Bradley Lumber Co. One was leased to the company on a permanent basis. The other, driven regularly by Lewis, was devoted largely, though not exclusively, to hauling lumber for the Bradley Lumber Co., and was garaged at Bradley's place of business in Marion, North Carolina. It was this vehicle that collided with the Sharpes' automobile shortly after Lewis had completed delivering a load of lumber in Lexington, North Carolina for the Bradley Lumber Company. Bradley's payments for the use of the leased vehicle and for the hauling performed by Lewis amounted to nearly half the annual gross income of the Grindstaff partnership." *Sharpe v. Bradley Lumber Co., supra,* p. 154. The Court, after setting out other facts relating to the relationship of the Grindstaffs, Lewis, and Bradley said, "We think that these facts ineluctably establish that Lewis was no less an employee of the Bradley Lumber Company than of R. K. Grindstaff & Son *and that his negligence which brought injuries to the Sharpes is imputable to both.*" *Id.* p. 155. (Emphasis supplied.) The Court concluded " . . . the appellants are entitled to judgment against Bradley Lumber Company as well as R. K. Grindstaff & Son." *Id.*

[2] Appellant argues forcefully that there was no finding that Lewis, though an employee of Bradley, was acting in the course and scope of his employment. The District Court noted in its memorandum opinion the principle that Federal courts, sitting in civil actions by virtue of diversity jurisdiction apply the substantive law of the forum state. In North Carolina, under the doctrine of *respondeat superior,* the employer can be held liable for the negligence of the employee only if the evidence introduced at

King v. Grindstaff

trial is sufficient to establish (1) that the employee was negligent, (2) that his negligence was a proximate cause of plaintiff's injuries, and (3) that the relationship of master and servant existed at the time of the injury and in respect to the very transaction out of which the injury arose. *Graham v. Gas Co.*, 231 N.C. 680, 58 S.E. 2d 757 (1950). The matter was heard in the Federal District Court before the judge without a jury, so the usual issues upon which liability could be predicated were not submitted and answered. Before the Federal District Court and the Circuit Court of Appeals could conclude that both Grindstaff and Bradley were liable for the negligence of Lewis, they were compelled to find and conclude that the relationship of master and servant existed at the time of the injury and in respect to the very transaction out of which the injury arose. Although the judgment does not set out in detail and with particularity the specific fact that Lewis was acting in the scope of his employment at the time of the collision, we are of the opinion that the issues determinative of Bradley's liability were answered by the court.

Judgments of the Federal courts are accorded full faith and credit in our courts when pleaded as *res judicata*. *Motor Lines v. Johnson*, 231 N.C. 367, 57 S.E. 2d 388 (1950); 5 Strong, N. C. Index 2d, Judgments, § 38, p. 80.

We conclude that the trial court did not err in granting plaintiffs' motion for summary judgment and directing that the causes be placed on the jury calendar for trial on the sole issue of damages.

Affirmed.

Chief Judge MALLARD and Judge HEDRICK concur.