NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY AND
KENNETH BALFOUR v. DIANA BALFOUR

No. 8220DC467

(Filed 7 June 1983)

**Rules of Civil Procedure § 13; Insurance § 75.2— collision insurance—insurer's subrogation action against insured's wife—child support counterclaim barred by res judicata**

Defendant wife's counterclaim for child support pursuant to a separation agreement was a compulsory counterclaim in the husband's action against defendant to determine the rights of the parties under the separation agreement, and defendant was precluded by the doctrine of *res judicata* from asserting the child support claim as a counterclaim in plaintiff insurer's action against defendant to recover an amount it had paid the husband under a motor vehicle insurance policy for damages which defendant had intentionally inflicted upon the husband's pickup truck with an ax.

APPEAL by plaintiffs from *Burris, Judge.* Judgment entered 9 April 1982 in District Court, UNION County. Heard in the Court of Appeals 14 March 1983.

Plaintiff Kenneth Balfour and defendant Diana Balfour were married on 18 August 1973. During the latter period of their marriage, plaintiff Kenneth Balfour owned a 1979 Dodge pickup truck. On 22 November 1980 defendant "used an ax or other similar implement to intentionally strike the truck in numerous places, causing it to be bent, torn and otherwise damaged." On 23 January 1981 plaintiff Kenneth Balfour, having previously obtained comprehensive and collision automobile insurance for the truck, was reimbursed for the resulting damage by the insurer, plaintiff North Carolina Farm Bureau Mutual Insurance Company (hereinafter Farm Bureau). Plaintiff Farm Bureau, as subrogee to plaintiff Kenneth Balfour's claim of property damage against defendant, filed suit against defendant on 24 June 1981 to recover the $1,522.00 which it had paid plaintiff Kenneth Balfour under the insurance policy. Plaintiff Kenneth Balfour was joined as a potential necessary party. On the same day, plaintiff Kenneth Balfour had filed suit against defendant (No. 81CVD481, Union County) to resolve certain questions concerning child support, child custody, alimony and a 24 February 1981 separation agreement signed by both Balfours.

Defendant filed an answer in response to Farm Bureau's complaint, admitting that she had, in fact, intentionally damaged Kenneth Balfour's truck. She counterclaimed alleging that she was not liable to Farm Bureau for the cost of repairs to the truck, since Farm Bureau, as the subrogee to plaintiff Kenneth Balfour's right to recover for property damage, was subject to defendant's defense that Kenneth Balfour had breached the 24 February 1981 separation agreement in the amount of $1,800.00.

The trial court denied plaintiffs' motion to sever defendant's counterclaim in the property damage suit and consolidate it for trial with the action entitled *Kenneth Balfour v. Diana J. Balfour*, 81CVD481, which dealt with the 24 February 1981 separation agreement. The trial court then granted summary judgment in favor of defendant and against Farm Bureau. From this judgment, plaintiffs appeal.

*Caudle, Underwood & Kinsey, by Lloyd C. Caudle and Thad A. Throneburg, for plaintiff-appellants.*

*Harry B. Crow, Jr., for defendant-appellee.*

EAGLES, Judge.

The facts of this case raise a question of first impression, that being whether plaintiff insurer's recovery against defendant for intentional damage to property can be offset by defendant's claim for child support owed to her by the insured. We answer that question in the negative since we hold that defendant's counterclaim for child support was a compulsory counterclaim in the action entitled *Kenneth Balfour v. Diana J. Balfour*, 81CVD481. The trial court erred when it granted summary judgment in favor of defendant and against Farm Bureau on the basis of defendant's counterclaim for unpaid child support.

Rule 13 of the North Carolina Rules of Civil Procedure, provides that

Rule 13. Counterclaim and crossclaim.

(a) Compulsory counterclaims.—A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject

matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .

When defendant filed her counterclaim on 17 July 1981, there were two suits pending against her. One action, brought by Farm Bureau, was instituted to recover from defendant $1,522.00 in property damages resulting from defendant's attack on Kenneth Balfour's truck. The other action, brought by Kenneth Balfour against the defendant, sought to determine the parties' legal rights under the 24 February 1981 separation agreement. Defendant's counterclaim was compulsory to the action brought by Kenneth Balfour since 1) defendant's claim was in existence at the time of serving defendant's answer against plaintiff Kenneth Balfour in the separation agreement action, 2) the counterclaim arose out of the transaction or occurrence that is the subject matter of Kenneth Balfour's claim, 3) the counterclaim would not require the presence of third parties of whom the court could not acquire jurisdiction, and 4) the counterclaim was not the subject of another pending action. *Faggart v. Biggers*, 18 N.C. App. 366, 197 S.E. 2d 75 (1973). Both Kenneth Balfour's action and defendant's counterclaim were related to the 24 February 1981 separation agreement. Since defendant's claim for child support was a compulsory counterclaim to Kenneth Balfour's action arising out of the separation agreement, 81CVD481, defendant is precluded by the doctrine of *res judicata* from asserting the claim as a counterclaim in plaintiff Farm Bureau's action to recover the $1,522.00 in property damage to Kenneth Balfour's truck. *See Jocie Motor Lines v. Johnson*, 231 N.C. 367, 57 S.E. 2d 388 (1950).

Plaintiffs' other assignments of error need not be addressed, as we hold the trial court erred in granting summary judgment for the defendant.

For the above reasons we

Reverse.

Chief Judge VAUGHN and Judge WEBB concur.