EMMA LEE NOTTINGHAM, ADMINISTRATRIX OF THE ESTATE
OF CLAUDE J. NOTTINGHAM, SR., DECEASED

V.

THEODORE VANCE WELD

Record No. 861108

March 3, 1989

Present: All the Justices

*Michael F. Imprevento (Stanley E. Sacks; Sacks & Sacks*, on brief), for appellant.
*Edward L. Breeden, III (Lance A. Jackson; Breeden, MacMillan & Green*, on brief), for appellee.

WHITING, J., delivered the opinion of the Court.

In this appeal, we decide whether a Virginia court correctly dismissed a cross-claim which should have been asserted as a compulsory counterclaim in an earlier federal court action involving the same parties and the same occurrence.

On July 6, 1984, a car operated by Theodore Vance Weld stopped on the Chesapeake Bay Bridge, causing Claude J. Not-

tingham, Sr., the owner and operator of a truck following the Weld vehicle, to turn his truck sharply in an unsuccessful effort to avoid striking Weld's car. Nottingham lost control of his truck, which ran off the bridge and into the Chesapeake Bay. Weld was injured, Nottingham was killed, and his truck and its cargo were destroyed.

Emma Lee Nottingham (the administratrix), who qualified as Nottingham's administratrix in the Clerk's Office of the Circuit Court of Northampton County, brought an action in that court against Weld to recover for Nottingham's death. Weld, a resident of the State of Florida, removed the action to the United States District Court for the Eastern District of Virginia and filed a counterclaim for his personal injuries. The administratrix did not file a "counterclaim"[1] against Weld for the loss of Nottingham's truck and cargo.

The district court severed the issues of liability and damages, and a jury found that Weld was negligent and his negligence was the sole proximate cause of Nottingham's death. Thereafter, the parties settled the wrongful death claim. By agreement of counsel for Weld and the administratrix, the case was "dismissed with prejudice."

During the pendency of the action in the federal court, the Chesapeake Bay Bridge and Tunnel District filed an action in the Circuit Court of Northampton County against Weld and the administratrix to recover for the damage to the bridge caused by the collision. Several months after entry of the dismissal order in the federal court, the administratrix filed a cross-claim in the circuit court action against Weld to recover for the loss of Nottingham's truck and cargo. Contending that entry of the earlier dismissal order in the federal court barred any further action by the administratrix against him arising out of the accident, Weld filed a plea of *res judicata*. The trial court sustained the plea and dismissed the cross-claim.

On appeal, the administratrix argues that the trial court erred in two respects in sustaining the plea of *res judicata*. First,

---

[1] The administratrix should have amended her original pleading to include that claim with the claim for wrongful death. It is described in two federal cases as a "counterclaim in reply." *Davis & Cox* v. *Summa Corp.*, 751 F.2d 1507, 1525 (9th Cir. 1985) (superseded by statute on another point); *Electroglas, Inc.* v. *Dynatex Corp.*, 473 F. Supp. 1167, 1171 (N.D. Cal. 1979).

she now maintains that she represented different parties or interests in asserting the claim for wrongful death in the federal court, and in asserting the claim for property damage in the state court. She did not make this argument in the trial court, and we will not notice it for the first time on appeal. Rule 5:25.

■ Second, the administratrix asserts that the trial court erred in giving full faith and credit to the application of Rule 13(a) of the Federal Rules of Civil Procedure. The Rule provides in pertinent part, "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ."

Rule 13(a) required the administratrix to file her counterclaim for property damage in the action Weld removed to the federal court, or else lose the right to assert the claim in any later action in the federal courts. *Baker* v. *Gold Seal Liquors*, 417 U.S. 467, 469 n.1 (1974); *Cavanaugh* v. *Western Maryland Ry. Co.*, 729 F.2d 289, 291 (4th Cir.), *cert. denied*, 469 U.S. 872 (1984). The question before us is whether the administratrix's failure to comply with Rule 13(a) gives rise to the same preclusive effect[2] in a later Virginia court action.

■ To answer the question, we first consider the Full Faith and Credit Clause of the Constitution of the United States, Article IV, § 1, its implementing act, 28 U.S.C. § 1738, and Code § 8.01-389(B), the Virginia statute expressing a similar policy. They require Virginia courts to give full faith and credit to the judicial proceedings of other state courts, *Romeo* v. *Romeo*, 218 Va. 290, 293, 237 S.E.2d 143, 144-45 (1977), and of the federal courts, *Stoll* v. *Gottlieb*, 305 U.S. 165, 170 (1938); *Supreme Lodge, Knights of Pythias* v. *Meyer*, 265 U.S. 30, 33 (1924).

The pertinent provisions of the federal statute provide that "[t]he records and judicial proceedings of any court of any . . . State . . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28

---

[2] This result is one of "claim preclusion," defined in *Migra* v. *Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 77 n.1 (1984) as "the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." We referred to it as *res judicata-bar* in *Bates* v. *Devers*, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974).

U.S.C. § 1738. The pertinent provision of the Virginia statute is that "[e]very court of this Commonwealth shall give such records [of any judicial proceeding] of courts not of this Commonwealth the full faith and credit given to them in the courts of the jurisdiction from whence they come." Code § 8.01-389(B).

■ Although the language of these two statutes is not identical, the intent of each of them is to require that the forum court give the judicial proceedings of the original court the same effect they would have had in the jurisdiction from which they came. Our answer to the question posed in this appeal turns on whether we consider the preclusive effect of a failure to file a compulsory counterclaim, as required by Rule 13(a), to be a part of the judicial proceedings of the federal courts.

■ The forum court is bound by the original forum's determination of the preclusive effect of its former judicial proceedings. *See Parsons Steel* v. *First Alabama Bank*, 474 U.S. 518, 523 (1986). It has been held that a state court must give a federal court order, dismissing a diversity case for failure to prosecute, the same preclusive effect it would have been given in the federal courts, even though state law would have permitted the maintenance of a subsequent action following a dismissal by that state's courts. *Kern* v. *Hettinger*, 303 F.2d 333, 340 (2d Cir. 1962). Although courts have disagreed, the majority,[3] and we think the better view is that the forum court must look to the original court's construction of its compulsory counterclaim rule, and accord it full faith and credit. *McDonald's Corp.* v. *Levine*, 108 Ill. App. 3d 732, 747, 439 N.E.2d 475, 485-86 (1982) (supplemental opinion on denial of rehearing); *O'Neal, Booth and Wilkes, P.A.* v. *Andrews*, 712 P.2d 1327, 1329 (Mont. 1986); *Jocie Motor Lines, Inc.* v. *Johnson*, 231 N.C. 367, 371, 57 S.E.2d 388, 392 (1950); *London* v. *Philadelphia*, 412 Pa. 496, 499-500, 194 A.2d 901, 902 (1963); *Meacham* v. *Haley*, 38 Tenn. App. 20, 36-37, 270 S.W.2d 503, 510 (1954); *Schoeman* v. *New York Life Ins. Co.*, 106 Wash. 2d 855, 864, 726 P.2d 1, 5-6 (1986); *contra Mullenax* v. *Lighthouse Realty Corp.*, 402 S.W.2d 437, 438 (Ky. 1966).

Therefore, we look to the federal courts' constructions of the preclusive effect of a failure to file a compulsory counterclaim in the federal court. As we have already indicated, the administra-

---

[3] 6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1417 (1971 ed.) (collecting and discussing a number of cases on the point).

trix's failure to assert her counterclaim would have barred any later assertion of the same cause of action in any federal court. *Baker*, 417 U.S. at 469 n.1; *Cavanaugh*, 729 F.2d at 291.

For these reasons, we hold that the trial court correctly sustained Weld's plea of *res judicata* and dismissed the administratrix's claim. Accordingly, we will affirm its judgment.

*Affirmed.*