[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, a police officer, brought the present action seeking to recover monetary damages for personal injuries received on October 29, 1994 when, during the course of his employment, he was attempting to place the defendant, John Miranda, under arrest. In the first count the plaintiff claims that the defendant John Mirando, Jr. negligently lunged at the plaintiff causing him to sustain personal injuries; in the second CT Page 8119 count the plaintiff claims that the defendant, John Miranda, Jr. intentionally lunged at him causing personal injuries; and the third count the plaintiff alleges that the defendant Frog Pond, Inc. and John Miranda, as permittee, negligently failed to protect the premises and make them reasonably safe for patrons as a result of that negligence supervision he sustained personal injuries.
The defendants assert that the defendants, John Miranda and John Mirando, Jr. previously instituted an action in the Federal Court against the plaintiff, Loschiavo, seeking to recover damages pursuant 42 U.S.C. § 1983. The Federal Court action was tried to a jury resulting in a verdict and judgment in favor of Loschiavo. The defendants therefore, claim that the cause of action asserted in the present case by the plaintiff constitutes a compulsory counterclaim within the meaning of Rule 13 of the Federal Rules of Civil procedure and that the plaintiff, having failed to assert that counterclaim, is now barred from asserting those claims in the state court.
By an action returnable in January 1995 to the Connecticut Superior Court, John Miranda Sr. and John Miranda, Jr. instituted suit to recover monetary damages arising out of the incidents occurring on October 29, 1994. In that action the Mirandas, in a two count complaint, asserted that Loschiavo, acting under color of state law, arrested both plaintiffs without warrant and without probable cause and caused a false and malicious criminal prosecution of the Mirandas. The Mirandas claimed invasion of their constitutional rights including claims pursuant to42 U.S.C. § 1983 and asserted claims for compensatory damages, punitive damages, costs and attorneys fees.
The defendant in the prior action, Loschiavo, removed the case United States District Court for the District of Connecticut and the Federal Court, Squatrito, U.S.D.J., denied a motion for remand filed by the Mirandas. In November of 1996, Federal Court action was tried before a jury and resulted in a verdict and judgment in favor of Loschiavo. In August of 1995, three and half months prior to the jury verdict and judgment in the Federal Court, the plaintiff, Lochiavo, instituted the present action in the Connecticut Superior Court.
The defendants assert that the claims herein made by the plaintiff, Loschiavo were compulsory counterclaims under the applicable Federal Rules of Civil Procedure and therefore the CT Page 8120 claims are barred by his failure to assert such a counterclaim. The plaintiff, Loschiavo asserts, inter alia, that "(A)lthough both actions are based on facts that arise from the same arrest, the suits will not relitigate the same issues, as they do not contain the same elements; one is a civil rights (A)ction and the other is a tort action based on negligence."
Rule 13 of the Federal Rules of Civil Procedure relates compulsory counterclaims and provides, in part, as follows:
 "(a) Compulsory Counterclaims". A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action."
Initially it is noted that at the time the Mirandas instituted their action pursuant to 42 U.S.C. § 1983, and at the time the Motion for Remand was denied, there was no claim pending by Loschiavo against the Mirandas. Loschiavo filed his answer in the Federal Court without asserting a counterclaim and thereafter instituted the present action. Accordingly Rule 13a(1) the Federal Rules of Civil Procedure is not applicable to the present case.
In determining whether the a claim arises out of the "transaction or occurrence that is the subject matter of the opposing party's claim", the courts consider the following factors: (1) Similarity of factual and legal issues; (2) whether claim preclusion (res judicata) would bar a subsequent suit on a counterclaim (absent a compulsory counterclaim rule) if not pled; (3) whether the same evidence supports or rejects the principle claims and counterclaims and (4) whether a logical relationship exists between the claim and the counterclaim. See generally 3 Moores Federal Practice (3rd Ed. 1997) § 13.10(1)(b), pp. 13-15.
In Virgo v. Lyons, 209 Conn. 497 (1988), our Supreme Court held that a judgment under a civil rights claim pursuant to CT Page 812142 U.S.C. § 1983 in the federal court barred, under principles of collateral estoppel, assertion of claims in the state court for damages for personal injuries sustained as a result of an assault and battery in the same incident that gave rise to the civil rights claim. In so holding, the court noted that the state court action involved claims in negligence and assault and battery while the federal court action involved a claim for violation of the plaintiff's constitutional rights under § 1983 and that both causes of action arose out of the same alleged wrongs, allegedly committed by the same defendants and involved the same injuries. The court then stated at pp. 502-503.
 "Moreover, the interests protected in a in a § 1983 action are similar to those protected in common law tort actions. In Memphis Community School District v. Stachura, 477 U.S. 299, 305, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986), the United States Supreme Court stated that `42 U.S.C. § 1983 creates `a species of tort liability' in favor of persons who are deprived of `rights, privileges or immunities secured' to them by the constitution" . . . Stachura makes clear that the purpose of § 1983 damages is to compensate persons for actual injuries and the amount of compensation is ordinarily determined by the rules applicable to common law torts. Id. Further, the interrelationship of § 1983 and common law tort actions has been recognized by numerous courts. . . . In Sloan v. Jasper County, supra (referring to 167 Ill. App.3d 867 522 N.E.2d 334 (1988)) the remedies provided by § 1983 and common law tort actions were considered so intertwined that the court found it necessary for the plaintiff, who filed a section 1983 claim in the state court, to plead separately his state law tort claim of intentional affliction of emotional distress. Because § 1983 provides a remedy in the form of damages for actual injuries suffered by reason of a violation of a plaintiff's civil rights, it follows that the issue of damages for those same injuries cannot be relitigated in a state court action that has already been decided in § 1983 action." See (Citations omitted).
It is true that in certain situations, the combination of civil rights actions and state common law claims may complicate and unnecessarily burden the already complex federal litigation CT Page 8122 claims under 42 U.S.C. § 1983. Liscio v. Warren, 718 F. Sup. 1074,1083, n. 37 (D.C. Conn. 1989). It is, however, error for a federal court to dismiss a plaintiff's state law claims of negligence and assault when pended to § 1983 actions. In so holding, the count noted (at p. 1072) that § 1983 creates a species of common law tort liability in which damages are ordinarily determined by the common law of torts and then stated: "No decision of the Supreme Court or at this circuit implies that pendant jurisdiction is disfavored civil rights actions: indeed our view point is to the contrary." Miller v. Lovett,879 F.2d 1066, 107-1073 (2nd. Cir. 1989).
The court therefore concludes that combining common law claims of negligence and assault and battery with § 1983 actions, whether on behalf of a plaintiff or a defendant does not, per se, impair the policy of vindication of constitutional rights.[1]
"At their core, the compulsory counterclaim doctrine and the parallel doctrine of ancillary jurisdiction both seek to further the same policy, which is to avoid piecemeal litigation in the federal courts." Newburger v. Loeb, Inc. v. Gross, Inc.,563 F.2d 1057, 1071 (2nd Cir. 1977), cert. denied, 434 1035,98 S.Ct. 769, 54 L.Ed. 2nd, [L.Ed.2d], 782 (1978). "Since a compulsory counterclaim is by definition closely related to the subject matter of the opposing party's claim, common sense and judicial economy compel the conclusion that such claims should be tried together . . ." Id. "The Rule (13) was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." Southern Construction Co., Inc. v.Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962).
The test for determining whether a counterclaim is compulsory is whether a logical relationship exists between a claim and the counterclaim and whether the essential facts of the claims "are so logically connected that considerations of judicial economy and fairness dictate that all issues be resolved in one lawsuit."United States v. Aquavella, 615 F.2d 12, 22, (2nd Cir. 1980). (Citation and internal quotations marks omitted); Adam v. Jacobs,950 F.2d 89, 92, (2nd Cir. 1991). A counterclaim is logically related to the opposing party's claim "where separate trials on each of their separate claims would involve substantial duplication of effort and time by the parties and the courts."Great Lakes Rubber Corporation v. Cooper, Co., 286 F.2d 631, 634
CT Page 8123 (3rd Cir. 1961). It is well established that Rule 13(a) is to be liberally construed to avoid a multiplicity of lawsuits.Warshakski and Co. v. Arcata National Corp., 552 F.2d 1257, 1261
(7th Cir. 1977).
In Painter v. Harvey, 863 F.2d 329 (4th Cir. 1988) the plaintiff instituted an action against the defendant police officer asserting lack of probable cause in making an arrest and the use of excessive force in violation of 42 U.S.C. § 1983. The defendant filed a counterclaim asserting that the plaintiff made a false claim of rape and subsequently submitted a false summary of the circumstances of the arrest. The trial court found in favor of the defendant on the plaintiff's claim and also found for the defendant and awarded monetary damages on the counterclaim. The Court of Appeals stated that they could only sustain the verdict on behalf of the defendant against the plaintiff if the defendant's claims were a compulsory counterclaim. The court affirmed the judgment in favor of the defendant on the counterclaim and noted that the claims of the parties, for the most part, centered entirely around the incidents occurring at the time of the arrest of the plaintiff by the defendant.
In the present case the claims asserted by Miranda in the federal court action centered around the incidents occurring between the time Loschiavo arrived on the scene and the time he made the arrest. Similarly the claims of Loschiavo in the present case involved incidents occurring within the same time frame. Therefore the court concludes the claims of the plaintiff Loschiavo made in the present action are limited in time and in scope and involve common law claims that would not unnecessarily burden or complicate the claims asserted by the Mirandas in their § 1983 action. Accordingly the court finds that the claims asserted by Loschiavo in the present case would be a compulsory counterclaim under Rule 13(a) of Federal Rules of Civil Procedure.
The preclusive effect of the failure to file a compulsory counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure is entitled to full faith and credit and bars the present claim asserted by the plaintiff, Loschiavo. Nottingham v.Weld, 237 VA. 416, 377 S.E.2d 621, 623 (1989) ("Although courts have disagreed, the majority and we think the better view that forum court must look to the original court's construction of its compulsory counterclaim rule, and accord it full faith and CT Page 8124 credit"); McDonalds Corp. v. Levine, 108 Ill. App.3d 372,439 N.E.2d 475 (1982); 6 Wright Miller and Kane Federal Practice and Procedure § 1417 (1990).
In the present action Loschiavo's state court claims were pending at the of the Federal Court judgment. However, even where a party asserts a claim in a state court that is a compulsory counterclaim already pending in the federal action, at least as to inpersonum jurisdiction, the Federal Court cannot enjoin the prosecution of the state proceedings. 6 C. Wright Miller and Kane Federal Practice and Procedures § 1418, p. 148-149. (2nd Ed. 1990). Where both Federal and State courts have concurrent jurisdiction of adverse parties seeking inpersonum judgments, each may generally proceed with separate litigation until judgment is rendered in one court which may interposed affirmatively as res judicata in the other. L.F. Dommerich v.Brass, 280, F. Supp. 590, 599 (1968).
Accordingly the Motion for Summary Judgment is hereby granted.
RUSH, JUDGE