## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Jeffrey L. Tibbetts

v.

Eckert Seamans
Cherin & Mellott, L.L.C.

May 20, 2002

Case No. CL010852

BY JUDGE JOHN E. KLOCH

This matter came upon Plaintiff's Motion to Reconsider this Court's ruling on March 27, 2002, granting sanctions against Plaintiff. After considering the evidence, legal memoranda, and argument of counsel, I am of the opinion that sanctions in the amount of $5,000.00 are appropriate.

The standard for sanctions is an objective standard of reasonableness, and evaluation of reasonableness is left to the discretion of the trial court. *Jordan v. Clay's Rest Home*, 253 Va. 185, 194 (1997). In matters of legal sufficiency, the standard of behavior is whether an attorney could reasonably have formed the belief that his pleadings were warranted by existing law. *Nedrich v. Jones*, 245 Va. 465, 472 (1993). In matters of factual sufficiency, an attorney must believe that his initial pleading is justified and is under a continuing duty to reasonably inquire into the sufficiency of his case as it progresses. *Oxenham v. Johnson*, 241 Va. 281, 287-88 (1991). When an attorney files any pleading, motion, or other paper after he reasonably should have known that he cannot create a factual issue, a Court is justified in awarding sanctions against him. *Id.* at 288.

Under Virginia law, this Court must give the preclusive effect which the Federal Courts would give to Plaintiff's prior Federal litigation. *Nottingham v. Weld*, 237 Va. 416, 420 (1989) (dismissing a claim that should have been pleaded as a compulsory counterclaim according to the Federal Rules of Civil Procedure). That rule is a requirement of full faith and credit. *Nottingham*, 237 Va. at 419-20.

On September 26, 2001, Chief Judge Smith of the Western District of Pennsylvania Federal Court granted Defendant's motion for summary judgment finding that Plaintiff had done little to prosecute Plaintiff's claims and had failed to respond to Defendant's motion for summary judgment. Chief Judge Smith also found that Plaintiff's claim was time barred according to Pennsylvania law (having also found that the Eastern District of Virginia had neither personal jurisdiction nor venue to hear this case). The only way, according to Chief Judge Smith, for Plaintiff to defeat the statute of limitations problem would have been for Plaintiff to demonstrate that there should have been equitable tolling. Since Plaintiff never responded to the summary judgment motion in the Western District of Pennsylvania, Plaintiff missed the chance to be heard.

Furthermore, Plaintiff's claim is barred by the statute of limitations. *See* § 8.01-246. The breach of contract took place on July 14, 1994. Five years from that date is in 1999. This case was not filed here until 2001. Even if the case was tolled for the sixteen months the case was in bankruptcy, that would still only give Plaintiff until November of 2000. Accordingly, I re-impose sanctions in the amount of $5000 in accordance with my original order.