■ In the Matter of ALLEN C. POMERANTZ, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [644 NYS2d 24]

" 'What constitutes unprofessional conduct * * * must be determined by those standards which are commonly accepted by those practicing the same profession in the same territory' " (Matter of Bell v Board of Regents, 295 NY 101, 110, quoting Matter of Cherry v Board of Regents, 289 NY 148, 158). It has long been recognized "that there is one course of conduct which in each and every profession is known as a matter of common knowledge to be improper and unprofessional", namely, fee splitting with a layperson (supra, at 111; see also, Matter of Okereke v State of New York, 129 AD2d 373, lv denied 70 NY2d 611). This precept has been codified as a rule of the Board of Regents applicable to all licensed professions since 1977 (8 NYCRR 29.1 [b] [4]). It is therefore hardly compelling that the statute reiterating that rule but applicable only to physicians did not become effective until 1991, late in the period for which petitioner was audited. The five-year suspension from the program and direction to make restitution do not shock our sense of fairness. Although petitioner's split of the payment was less than 20%, he permitted his lay co-venturer to submit the bills on his behalf and with his provider number, an unacceptable practice that should make him responsible for the whole (Matter of Garofalo v Dowling, 223 AD2d 770, 774). Concur—Milonas, J. P., Rosenberger, Wallach, Ross and Tom, JJ.