■ In the Matter of JACOB RABINOWITZ, a Suspended Attorney. [648 NYS2d 905] —Petition for reinstatement is granted to the extent of referring this matter to the Departmental Disciplinary Committee for the First Judicial Department for a hearing, as indicated. No opinion. Concur—Murphy, P. J., Wallach, Ross, Rubin and Andrias, JJ.

(September 24, 1996)

■ VIRGILIU NECULA, Petitioner, v MARY E. GLASS, as Commissioner of Social Services of the State of New York, Respondent. [647 NYS2d 501] —Determination of respondent Department of Social Services dated December 6, 1994, which excluded petitioner from the Medicaid program for two years and required him to pay restitution of $213,358, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Charles Ramos, J.], entered September 7, 1995) dismissed, without costs.

Respondent's determination that petitioner engaged in illegal fee splitting is supported by substantial evidence, in particular, the contracts petitioner entered into with management companies, under which the companies were to provide petitioner with facilities, supplies, equipment and nonphysician staff necessary to operate his radiology practice, and petitioner was to pay the companies a fixed percentage of his receipts for billing services and a fixed dollar amount for each procedure performed. This was illegal fee splitting under 8 NYCRR 29.1 (b) (4) since petitioner's payments to the companies were a percentage of or otherwise dependent upon his income or receipts. Although petitioner's split was only 20% of total monthly receipts in the case of the first company and 12% to 15% in the case of the second, he permitted unlicensed persons to submit the bills on his behalf and with his provider number, an unacceptable practice that should make him responsible for the whole (*Matter of Pomerantz v New York State Dept. of Social Servs.*, 228 AD2d 242). The two-year exclusion from the Medicaid program does not shock our sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Nardelli, JJ.