Virgiliu NECULA, M.D.,
Plaintiff–Appellant,

v.

Martin J. CONROY, Commissioner Deputy Medicaid Agency DSS Albany, James White, Director Medicaid DSS Albany, Defendants–Appellees.

No. 00–9017.

United States Court of Appeals, Second Circuit.

June 13, 2001.

Virgiliu Necula, M.D., Fresh Meadows, NY, pro se.

William Bristow, III, Esq., New York, NY, for appellees.

* Hon. David G. Trager, Judge, United States District Court for the Eastern District of New York, sitting by designation.

Present McLAUGHLIN, LEVAL, Circuit Judges, and TRAGER,* District Judge.

Virgiliu Necula, *pro se,* appeals from a judgment of the district court granting summary judgment to Martin J. Conroy, Deputy Commissioner of the New York Medicaid Agency of the New York Department of Social Services ("the Department"), and James White, Director of the Department's Bureau of Program Integrity. After determining that Necula had participated in an improper scheme of fee splitting with two non-professional management companies, the Department excluded him from participation in New York State's Medicaid program, ordered him to reimburse the State for improperly acquired fees amounting to $213,358 plus interest, and subsequently denied his application for reinstatement with the program. Necula's associations with two hospitals were also terminated as a result of his exclusion. Necula brought this action under 42 U.S.C. § 1983 to set aside the sanctions barring Necula's participation in the Medicaid program and the repayment order.

On review of a grant of summary judgment, this Court determines *de novo* whether there is a genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. *See Scaria v. Rubin,* 117 F.3d 652, 653 (2d Cir. 1997).

■ Necula argues that his 1994 exclusion from the Medicaid program violated his rights under the Due Process Clauses of the Fifth and Fourteenth Amendment, the Excessive Fines Clause of the Eighth Amendment, and 42 C.F.R. § 1003.106. We conclude that collateral estoppel bars

relitigation of these issues. *See Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 200 (2d Cir.1996); *Statter v. Statter*, 2 N.Y.2d 668, 672, 143 N.E.2d 10, 12, 163 N.Y.S.2d 13, 16 (1957). Necula previously challenged the 1994 exclusion by an Article 78 proceeding in the New York courts where he raised these same issues as he presented to the district court. The Appellate Division confirmed the Department's decision, specifically holding that the "determination that petitioner engaged in illegal fee splitting is supported by substantial evidence," and implicitly rejecting all of Necula's other claims. *Necula v. Glass*, 231 A.D.2d 457, 647 N.Y.S.2d 501 (1st Dep't 1996). Accordingly, all of these issues were actually and necessarily decided in the Article 78 proceeding. Additionally, Necula had a full and fair opportunity to litigate these issues before the Appellate Division. We find no merit to his contention that he had been denied the opportunity to contest the transfer of the Article 78 proceeding to the Appellate Division and to challenge the evidence.

■ Necula asserts that he suffered a deprivation of property without due process of law when the Department rejected his application for reinstatement in 1996. Because we have previously held that a Medicaid provider "has no property right to continued enrollment as a qualified provider," *Senape v. Constantino*, 936 F.2d 687, 691 (2dCir.1991), Necula's due process claim must fail.

■ Necula further contends that the denial of his application for reinstatement in 1996 constituted an Eighth Amendment violation because it was based in part on his failure to pay $213,358, which he characterized as an excessive fine. This argument lacks merit because the monies owed were in the nature of restitution, not a fine. *See* 18 N.Y.C.R.R. § 518.3(a).

Therefore, the Eighth Amendment was not implicated.

■ Necula cannot prevail on his assertion that he was punished twice for the same offense in violation of the Double Jeopardy Clause because the sanctions against him were civil, not criminal, in nature. *See Securities & Exch. Comm'n v. Palmisano*, 135 F.3d 860, 864 (2d Cir. 1998).

■ Necula also alleges that he was the victim of discriminatory termination in violation of his rights under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. This Court employs the same framework to analyze claims under either statute. *See Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir.2000). The Department's proffered reason for the termination, that Necula had engaged in improper fee-splitting, was legitimate, non-discriminatory, and not rebutted by Necula. Necula failed to adduce evidence supporting the inference that his termination from the Medicaid program occurred under circumstances giving rise to an inference of discrimination on the basis of either national origin or age. *See Chambers v. TRM Copy Centers Corp.*, 43 F.3d at 29, 37 (2d Cir.1994); *Levin v. Analysis & Tech., Inc.*, 960 F.2d 314, 316 (2d Cir.1992). He relies on his mere conclusory allegations of discrimination.

■ Finally, Necula's state law claims, which stemmed from the omission of his name from a monthly list of Medicaid providers, also prove unsuccessful. First, Necula cited no law to support his right to confidentiality claim, and New York State's maintenance and publication of the monthly list is mandated by federal law. *See* 42 U.S.C. § 1396a(a)(59). Second, Necula cannot make out a claim for defamation because, in light of his exclusion from the Medicaid program, there

was no false statement concerning Necula in the omission of his name from the monthly list. *See Foster v. Churchill,* 87 N.Y.2d 744, 751, 665 N.E.2d 153, 157, 642 N.Y.S.2d 583, 587 (1996). Third, Necula's right of privacy claim fails under New York law because there was no allegation that the omission of his name from the monthly Medicaid list was for advertising or trade purposes. *See Howell v. New York Post Co., Inc.,* 81 N.Y.2d 115, 123, 612 N.E.2d 699, 596 N.Y.S.2d 350 (1993); N.Y. Civ. Rights Law § 51 (McKinney 2000).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.