[6 NYS3d 469]

H & H Chiropractic Services, P.C., as Assignee of Jesus Jimenez, Plaintiff, v Metropolitan Property and Casualty Insurance Company, Defendant.

Civil Court of the City of New York, Queens County, April 24, 2015

### APPEARANCES OF COUNSEL

*Bruno, Gerbino & Soriano, LLP*, Melville (*Lienne Pisano* of counsel), for defendant.

*The Odierno Law Firm, P.C.*, Melville (*Paul Bargellini* of counsel), for plaintiff.

**OPINION OF THE COURT**

LARRY L. LOVE, J.

Defendant's motion for summary judgment is decided as follows:

This is an action to recover assigned no-fault benefits for chiropractic services allegedly rendered to plaintiff's assignor on February 20, 2013 in the billed amount of $1,365.68. Defendant seeks an order dismissing this action based upon plaintiff's alleged violation of Insurance Department Regulations Implementing the Comprehensive Motor Vehicle Insurance Reparations Act (11 NYCRR) § 65-3.16 [a] [12]), which states as follows:

> "A provider of health care services is not eligible for reimbursement under section 5102(a)(1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York or meet any applicable licensing requirement necessary to perform such service in any other state in which such service is performed."

On July 8, 2013, as established by Lori Mann, a claims representative employed by defendant, a timely denial of plaintiff's bill was issued, based, inter alia, upon plaintiff's alleged illegal fee-splitting. On February 10, 2014, defendant served a notice to admit, pursuant to CPLR 3123, upon the plaintiff, seeking to admit a copy of a contract purportedly entered into between plaintiff and its billing company, Systems Management Group, Inc. (SMG). The purported contract states that "[t]he Practice will pay SMG 6% of all fees charged & ultimately collected by SMG." The court notes that the purported contract is not in admissible form as defendant has failed to lay a sufficient foundation for its admission (*see Bajaj v General Assur.*, 18 Misc 3d 25 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Defendant also submits the deposition transcript of Dr. Lucas Bottcher, DC, a member of the plaintiff's practice. Therein, Dr. Bottcher admitted that plaintiff employs SMG and they are paid a fixed fee of five percent of collections. Defendant argues that since plaintiff allegedly pays six (or five) percent of its fees to its billing company, that its billing company owns six percent of plaintiff's practice.

In opposition, plaintiff correctly argues that no court has found improper fee-splitting to be fraud nor a licensing requirement. Furthermore, defendant failed to present any case law

that improper fee-splitting is a defense in a no-fault action. Finally, plaintiff contends there is no support for the assertion that payment of six percent of receivables constitutes any form of ownership or control over the plaintiff. As such the parties have presented a case of first impression.

In *State Farm Mut. Auto. Ins. Co. v Mallela* (4 NY3d 313 [2005]), the Court of Appeals upheld the Insurance Department's regulation and held that a medical corporation that was fraudulently incorporated under Business Corporation Law §§ 1507 and 1508, and Education Law § 6507 (4) (c) is not entitled to be reimbursed by insurers, under Insurance Law § 5101 *et seq.* Business Corporation Law §§ 1507 and 1508, as applied to this action, prohibit non-chiropractors from owning any shares of or serving on the board of a professional corporation authorized to provide chiropractic services. *Mallela* and its progeny (*Metroscan Imaging, P.C. v GEICO Ins. Co.*, 13 Misc 3d 35 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; *Andrew Carothers, M.D., P.C. v Progressive Ins. Co.*, 42 Misc 3d 30 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]) have consistently held that ownership of a professional corporation by non-professionals renders that corporation ineligible to recover no-fault benefits and that a carrier may conduct an investigation and look beyond the licensing documents in order to identify improper ownership and control of a professional corporation.

Defendant alleges that plaintiff has violated a licensing requirement by engaging in impermissible fee-splitting, in violation of the Rules of the Board of Regents (8 NYCRR) § 29.1 (b) (4) and Education Law §§ 6509-a and 6530 (19), with its billing company, Systems Management Group, Inc. Pursuant to 8 NYCRR 29.1 (b) (4) and Education Law § 6530 (19), unprofessional conduct shall include:

> "permitting any person to share in the fees for professional services, other than: a partner, employee, associate in a professional firm or corporation, professional subcontractor or consultant authorized to practice [the same profession], or a legally authorized trainee practicing under the supervision of a licensed practitioner. This prohibition shall include any arrangement or agreement whereby the amount received in payment for furnishing space, facilities, equipment or personnel services used by a professional licensee constitutes

> a percentage of, or is otherwise dependent upon, the income or receipts of the licensee from such practice."

In *Necula v Glass* (231 AD2d 457 [1st Dept 1996]), the Appellate Division found that the Department of Social Services had properly found that petitioner had engaged in illegal fee-splitting pursuant to 8 NYCRR 29.1 (b) (4) where petitioner had entered into contracts with management companies under which the management companies were to provide facilities, supplies, equipment and staff necessary to operate his professional practice and petitioner was to pay the companies a percentage of his receipts. In *Sachs v Saloshin* (138 AD2d 586, 587 [2d Dept 1988]), the Appellate Division found that "by tendering a percentage of his patient fees to the plaintiffs, [defendant] violated the public policy of this State as reflected in Education Law § 6509-a [and] the rules for professional conduct established by the Board of Regents (8 NYCRR 29.1 [b] [4])." A common thread throughout all of the cases cited by defendant is that while courts will refuse to enforce a contract which violates 8 NYCRR 29.1 (b) (4) and the Education Law, any punishment for unprofessional misconduct as defined by those sections is imposed by the State Board for Professional Medical Conduct. In cases where the State Board has imposed punishments, the role of the courts has been to review those punishments in the context of a CPLR article 78 proceeding.

In *Mallela* (4 NY3d at 322), the Court found that in the licensing context, carriers will be unable to show "good cause" unless they can demonstrate behavior tantamount to fraud and that technical violations will not do. In every case where 11 NYCRR 65-3.16 (a) (12) has been successfully used as a complete and non-precludible defense in a no-fault action, the provider has been found to have committed violations of Business Corporation Law §§ 1507 and 1508 and Education Law § 6507 (4) (c) and appears to have never been based upon impermissible fee-splitting alone. The issue in this case is the definition of the term "licensing requirement." The Court in *Mallela* (at 321) highlighted that the medical service corporation in that case "exists to receive payment only because of its willfully and materially false filings with state regulators." Furthermore, the Court noted in footnote 2 that the Superintendent of Insurance promulgated 11 NYCRR 65-3.16 (a) (12) "to combat rapidly growing incidences of fraud in the no-fault regime, fraud that he has identified as correlative with the corporate practice of medicine by nonphysicians" (*Mallela* at 320 n 2).

In this case, plaintiff has not been shown to have filed any fraudulent documents with the State and has not allowed non-physicians to control any aspect of their practice. As such, it is the conclusion of this court that impermissible fee-splitting, standing alone, is not a violation of a licensing requirement, does not constitute an available defense to a no-fault action and, as such, any action is solely within the purview of the appropriate state licensing board.

For the foregoing reasons, defendant's motion is hereby denied in its entirety.